## ECHOLS v. EXUM.

1. Where an attorney at law acknowledges in writing, that he has received a pro-missory note for collection, the rule of law which forbids that verbal evidence shall not be admitted to contradict a writing, will not prevent a creditor of the holder of the note, from proving by the attorney, that he was directed to pay it to him when collected.

WRIT of Error to the Circuit Court of Madison.

The defendant in error declared against the plaintiff, in assump-sit, for money had and received to his use; and the cause was tried on the *general issue.* On the trial, the defendant excepted to the ruling of the court. From his bill of exceptions it appears, that the plaintiff proved, that the defendant as administrator of James C. Wayland, deceased, received of the sheriff of Madison, the money collected on an execution in his favor as administrator against Finley Jones, surviving partner, &c.; that a few days af-ter the receipt of the money by the defendant, John J. Coleman, as the agent of the plaintiff, demanded the same of him. Cole-man further testified that Wayland was indebted to the plaintiff in an amount about equal to the sum received by the defendant, and placed the note upon which the judgment was recovered against Jones, in his (witness') hands, to be held by him as a col-lateral security for the debt due to the plaintiff, and directed the money, when collected, to be applied to the payment of the plain-tiff's demand.

The defendant then proved and read to the jury, a receipt given by Coleman at the time the note was placed in his hands as follows:

" Received, Huntsville, Ala. 5th April, 1841, of James C. Way-land for collection, a promissory note made by Pruitt & Jones, dated 12th May, 1838, due 1st October, 1838, with interest from 1st May, 1838, for the payment to O. D. Sledge or order, of two hundred and twenty dollars and forty-one cents—said note is as-signed by O. D. Sledge, John Halsey and Benjamin Tiller.

JOHN J. COLEMAN, Attorney."

And thereupon asked the court to exclude from the jury all the testimony of Coleman, going to show that he received the note as collateral security for the debt due the plaintiff by Wayland, and that the proceeds were to be applied to its payment, but the court overruled the motion, and permitted the evidence to go to the jury, and the defendant excepted. A verdict was returned for the plaintiff, and a judgment has been thereon rendered.

ROBINSON, for the plaintiff in error.

S. PARSONS, for the defendant in error.

COLLIER, C. J.—The only question raised in this case, is, whether, the evidence of the witness, Coleman is inadmissible, as tending to contradict, add to, or explain his receipt. It is con-ceded, that a mere receipt is not a writing of a character so con-clusive, as to exclude parol evidence to show to what extent it should operate; but it is insisted that the paper adduced as evidence, is not only a receipt, but its legal effect is a promise to collect the note made by Pruitt & Jones, if collectable, and pay over the money to Wayland.

It is certainly true, as argued for the plaintiff in error, that pa-rol evidence is " inadmissible for the purpose of altering the *legal operation* of the instrument by evidence of an intention to that effect, which is not expressed in the instrument." [Paysant v. Ware, Barringer, et al. 1 Ala. Rep. 165.] But did the evi-dence objected to, have that effect. The solution of this question must depend upon the interpretation of the writing, which is sup-posed to be conclusive. By that paper, Coleman acknowledges that Wayland had placed in his hands, the note for collection, but does not express any thing more. The law, from this omission, implies a promise that he will use legal diligence in endeavoring to collect it, and when he receives the money will pay it to Way-land or order, on demand. There is nothing in this contract

which would inhibit Wayland from ordering, either by writing, or verbally, simultaenously with the delivery of the note to Coleman, that the amount when collected, should be paid to the plaintiff, or any one else. And the introduction of evidence, showing such to have been the fact, is not in opposition to Coleman's contract, but perfectly consistent with it. There is nothing in the receipt or inferrable from it, which prohibits Coleman from paying the money to the plaintiff; and even if it expressed *in totidem verbis*, that the money should be paid to Wayland, the plaintiff could not be deprived of it, if by contract he was entitled to it.

In no point of view in which this case can be considered, is the evidence obnoxious to the objection made to it. It is impossible, that the rights of the plaintiff could be prejudiced by the writing to which he was no party, the more especially as it does not undertake to confer rights upon a third person who is now setting up an adverse claim.

The consequence is, that the judgment must be affirmed.

CLAY, J.—Not sitting.