COWLES *vs.* GARRETT'S ADM'RS.

| 30 341|<br>|124 198|

[DEBT ON REFUNDING BOND.]

1. *Admissibility of parol evidence to affect writing.*—When a written contract, though complete in itself, contains a term which it is impossible for the court to construe without the aid of evidence *aliunde*, it is proper to resort to such evidence for that purpose.

2. *What constitutes partnership, or tenancy in common.*—Where one of the partners in a company formed for the purpose of buying and selling lands on speculation, after the company has ceased active operations, transfers to a stranger one half of the net profits of his share in the company; the residue of his interest, together with the entire control and direction of his share, having been previously assigned to one of his co-partners, in consideration of moneys advanced to him on account of it,—this creates between the two assignees, not a partnership, but a joint tenancy in the share of their assignor, nor does it constitute the assignee of subsequent date a partner in the company.

3. *When action lies between tenants in common.*—One tenant in common cannot maintain an action at law against his co-tenant, so long as the subject-matter of the tenancy remains; but, if the entire property is sold by one, the other may maintain an action for the conversion; or, if the proceeds of sale have been received, may sue in assumpsit for his portion of the money.

4. *Construction of refunding bond, as to time when suable.*—On partial settlement between the two assignees of a partner's share in an unsettled land-company, the prior assignee, who held the control of the entire share, transferred to the other lands valued at a specified sum, and took from him a bond conditioned as follows: "Now I consent and agree to bind myself, my heirs," &c., "to refund to the said C. the said amount, with interest thereon, if my claim on said share of said B. shall be or is unfounded, and if I am not authorized to receive the same; and, also, to refund, with interest, any amount that may be overpaid in the setttlement this day made." *Held*, that an action could not be maintained on this bond, to recover the amount of an alleged overpayment, until the fact of such overpayment had been ascertained on final settlement of the partnership affairs.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JNO. GILL SHORTER.

THIS action was founded on a bond, of which the following is a copy:

"State of Alabama, ⎫ These presents witness, that
Tallapoosa County. ⎰ I have this day had a partial
settlement with Thomas M. Cowles, on my claim in the

share of John H. Broadnax in the company of Ware, Dougherty & Co., and that the said Thomas M. Cowles has turned over to me land to the amount of $4,420, which I acknowledge this day to have received. Now I consent and agree to bind myself, my heirs, executors, and administrators, to refund to the said Thomas M. Cowles the said amount, with interest thereon, if my claim on said share of said John H. Broadnax shall be or is unfounded, and if I am not authorized to receive the same; and, also, to refund, with interest, any amount that may be overpaid in the settlement this day made. In witness whereof, I have hereunto set my hand and seal, this 17th June, 1840." (signed) "JOHN GARRETT."

The first count in the declaration, after alleging the execution of this instrument, and setting it out, averred, "that the said defendant received and was overpaid, in said settlement, a large amount, to-wit, the sum of $4,420," which he refused to pay on request. The second count, after alleging the execution of the instrument, averred, "that said defendant's claim on said share of said John H. Broadnax was and is unfounded, and said defendant was not authorized to receive the same; and that said sum of $4,420 was greatly beyond the amount due the said John H. Broadnax as aforesaid, and the same overpaid said defendant a large amount," &c., which he failed to repay on request. The third count was in the common form, for money had and received by defendant, to and for plaintiff's use.

The defendant demurred to the whole declaration, and to each count separately; and his demurrer having been overruled, he pleaded, 1st, *nil debet ;* and, 2dly, a special plea which was, in substance, as follows:

2. That said Thomas M. Cowles, William Dougherty, John H. Broadnax, Robert J. Ware, and others, on the 17th June, 1840, were partners, under the firm name of Ware, Dougherty & Co., in the purchase and sale of lands lying within this State; that said partners, at the time of the formation of the partnership, had entered into a written agreement for its formation and management, and it

was unsettled on said 17th June, 1840; that there was also, on said 17th June, 1840, another partnership in existence in this State, formed for similar purposes, composed of Jacob T. Bradford and others, and known as the "Benton Land Company"; that ten members of the firm of Ware, Dougherty & Co., of whom said John H. Broadnax was one, owned and held ten shares in the other company on the day aforesaid; "that said Cowles, for a valuable consideration, was entitled to have and receive back his advances, and one half of the net profits of said share of Broadnax in said firm of Ware, Dougherty & Co., and said share was under the sole direction of said Cowles, as respected the operations of the company, as appears by a written agreement between said Cowles and Broadnax, bearing date February 25, 1836"; that said written agreement between Cowles and Broadnax "further acknowledged that said Cowles had theretofore furnished all the money that had been required to be paid on said share of Broadnax in the firm of Ware, Dougherty & Co., and further agreed that the net profits on said share, from the operations of the company anterior to the date of said agreement, should be equally divided between said Cowles and Broadnax"; that the business and accounts of both said companies, and of said Cowles and Broadnax on account of their respective interests in the latter's share, were unsettled on the 17th June, 1840, and no account had been stated between the several parties, and no balance struck; that Broadnax, prior to the 17th June, 1840, sold to said John Garrett one half of the share which stood in his name on the copartnership articles of Ware, Dougherty & Co.; that Garrett had a partial settlement with said Cowles, on said 17th June, 1840, on account of their respective claims and interests in the share of Broadnax, and received from Cowles, on said settlement, lands which fell to the share of Broadnax amounting to $4,420, which are the lands and settlement referred to in the declaration; that the accounts and business of said partnerships, and of said Cowles and Garrett on account of their respective interests in the share of said Broadnax, had not been settled on the day on which this suit was

commenced, nor had any balance been struck between the several parties; that there are "no means of ascertaining how the balance or accounts stand between the said Cowles and Garrett, except by some person going through the transactions of said company, and ascertaining the fact in that way"; and that said Garrett, "in right of his interest in said share of Broadnax, is still interested in said partnership of Ware, Dougherty & Co., and, on that account, is entitled to demand a share of its profits, and is liable to have his share of the profits reduced by its expenses and losses."

A demurrer to this plea having been overruled, the plaintiff replied, that he advanced all the money that was paid into said partnership on account of the interest therein of said Broadnax up to the 25th February, 1836, when Broadnax, by written agreement, acknowledging such advances for him by plaintiff, stipulated and agreed that the entire control of his share should be under the sole direction of plaintiff, and that the net profits on said share, prior to the date of said agreement, should be equally divided between them; that said partnership of Ware, Dougherty & Co., by resolution adopted on the 26th February, 1836, resolved to cease operations from thenceforward, and to make no other contracts as a company, except so far as might be necessary to settle its affairs and dispose of its property; that accordingly, prior to the 17th June, 1840, said company sold a portion of its property, converted it into money and notes, and distributed the entire proceeds among the holders of the different shares, reserving only a sufficient sum to meet the outstanding claims against the company, and also made an equal distribution of the property remaining unsold, with the exception of three half sections of land, the titles to which were incomplete or disputed; that these sections of land were all sold before the commencement of this suit, and the proceeds of sale distributed among the holders of the several shares, and the outstanding claims against the company fully paid off and discharged with the sum retained for that purpose, and the business of said company thus finally settled. The rep-

lication also contained similar averments respecting the final settlement of the affairs of the "Benton Land Company" prior to the 17th June, 1840.

A demurrer having been sustained to this replication, and leave given to reply over, the plaintiff further replied, "in short by consent," that the firm of Ware, Dougherty & Co. was fully settled up, the interest therein belonging to the share of Broadnax fully ascertained, and the partnership dissolved, before the commencement of this suit; that the interest to which said share of Broadnax was ascertained to be entitled was much less than $4,420, the sum specified in said bond; and thus, plaintiff avers, he has overpaid said Garrett, &c.

The court sustained a demurrer to this replication, and the plaintiff was thus compelled to take a nonsuit, which he now moves to set aside,—assigning for error all the adverse rulings of the court on the pleadings.

N. W. COCKE, with whom was W. P. CHILTON, for the appellant.—1. The demurrer to the second plea should have been sustained. The facts set out in said plea do not show a partnership between Broadnax and Cowles, nor between Cowles and Garrett, in the share held by Broadnax in the firm of Ware, Dougherty & Co. It simply shows an assignment by Broadnax to Cowles of one half interest in the net profits of said share, and to Garrett of the other half interest; constituting Broadnax and Cowles, in the first instance, and then Cowles and Garrett, part owners, or tenants in common in the net profits.—Story on Partnership, 125–6. If, then, Garrett's covenant be construed to mean, that he would refund to Cowles whatever sum the latter had paid over and above the amount which Garrett might finally be entitled to receive on said share, a court of law would not be ousted of jurisdiction, by the mere fact that, to ascertain the amount to which said share was finally entitled, it might be necessary to resort to the state of the accounts of Ware, Dougherty & Co. The fact that, in an action on a contract, the state of a partnership account becomes the

23

measure of recovery, is certainly no ground for the interposition of equity,

But such is not the true construction of the contract. Garrett's covenant, properly construed, binds him to refund to Cowles whatever amount the latter may have paid over and above what Garrett was *then*—i. e., on that partial settlement—entitled to receive. Although a contract is to be construed in the light of surrounding circumstances, it must also be construed most strongly against the promisor.—Hogan & Co. v. Reynolds, 8 Ala. 59. The surrounding circumstances here, as disclosed by the second plea, do not carry such force with them as to control the express language of the contract, and override the other rule of construction. The affairs of Ware, Dougherty & Co., and of Cowles and Broadnax, being unsettled at the date of said contract, [as the plea alleges, Cowles and Garrett enter into a partial settlement of their interests in the share of Broadnax; and Garrett binds himself to refund, with interest, whatever amount was overpaid to him by Cowles "on this settlement." There is nothing in the surrounding circumstances, as disclosed by the plea, to show that the parties were then prepared to make a final settlement. They may have met at a distance from their respective homes, and without the necessary books and papers for a final settlement. Garrett binds himself, under these circumstances, to refund, if the amount due him, when ascertained, should prove less than the agreed value of the lands. Under the other construction, if it should appear on final settlement of the affairs of Ware, Dougherty & Co., made ten years afterwards, that Garrett's interest in the share of Broadnax was then equal to the agreed value of the lands, although the greater part of this interest might have accrued after the date of the contract between Cowles and Garrett, Cowles could not claim interest from the date of the partial settlement.

2. If the second plea be held good, each replication is a full answer to it.—Rowland v. Boozer, 10 Ala. 690; McGehee v. Dougherty, 10 Ala. 863.

CLOPTON & LIGON, *contra.*—1. The facts presented by the second plea constitute a full defense to the action, since they show that Cowles and Garrett were partners in the share held by Broadnax in the firm of Ware, Dougherty & Co., and hence an action at law would not lie.— Moore v. Smith, 19 Ala. 774 ; Ellsworth v. Tartt, 26 Ala. 733.

2. Neither replication alleges such a dissolution or settlement as authorizes one partner to sue the other at law.—Morrow v. Riley, 15 Ala. 710.

3. The contract sued on does not fix any definite time for the refunding of the money overpaid ; consequently, in ascertaining the intention of the parties on this point, regard must be had to the nature and subject-matter of the contract, the surrounding circumstances, and the presumptions which the law draws from the other stipulations. Thus construed, and in view of the principle that the law desires to prevent circuity and multiplicity of actions, the only reasonable interpretation of the contract is, that Garrett was not to refund until it had been ascertained, on final settlement, that he had been overpaid. This view is equally correct, whether Cowles and Garrett were partners or only tenants in common. Since, then, the action was prematurely commenced, the demurrer to the plea should have been visited on the declaration.

STONE, J.—The contract declared on in this case is a refunding bond. It recites that defendant had received of plaintiff $4,420, "on my" (his) "claim in the share of John H. Broadnax in the company of Ware, Dougherty & Co.;" and said defendant, by said bond, bound himself to refund said amount, with interest, if his claim "on the share of the said John H. Broadnax shall be or is unfounded;" and also "to refund, with interest, any amount that may be overpaid" in the partial settlement that day made.

The contract no where informs us of the nature or purpose of the company of *Ware, Dougherty & Co.*, or who composed the "company." Neither does it disclose the nature or extent of Garrett's interest in the share of Broadnax ; or, of what Broadnax's interest consisted. Hence,

without the aid of extrinsic facts, we are unable to determine specifically to what this bond relates, or the extent of the obligation created by it, or on what contingency it imposes a liability.

"When a written contract, although complete in itself, contains a term which it is impossible for the court to construe without the aid of evidence *aliunde*, it is proper to resort to such evidence for that purpose."—Drake v. Goree, 22 Ala. 414; Casey v. Holmes, 10 Ala. 786; Phil. on Ev., Cow. & Hill's notes, vol. 3, p. 1399, note 957; Doe v. Holton, 4 Ad. & Ellis, 81; Talliaferro v. Brown, 11 Ala. 707.

The second plea avers, that the company of Ware, Dougherty & Co. was a partnership, composed of said John H. Broadnax and several others, created for the purpose of buying and selling lands for a profit; that said Broadnax had procured from Cowles all the money he advanced as his share in the purchase of said lands; that Broadnax assigned to Cowles so much of his interest in said partnership as would repay to him the money received from him, and one half the profits; that said share of Broadnax was managed and controlled by Cowles; that Broadnax subsequently assigned to Garrett the remaining half interest in his share of the profits of said partnership; that the lands described in the writing obligatory declared on, were received by Cowles from the company of Ware, Dougherty & Co., in virtue of the share of Broadnax in said company so represented by him, Cowles, and that the same lands were passed over to Garrett on the interest he claimed in said share; that the affairs of the company not being settled, Cowles took from Garrett the refunding bond sued on; that the affairs of the partnership of Ware, Dougherty & Co. had not, at the commencement of this suit, been settled up, and no balance had been struck, showing the amount due the several partners, but that the same remained unsettled; that the amounts due the several partners could not be ascertained without a settlement of the partnership accounts; and hence this action could not be maintained, until such final settlement of the accounts, ascertaining an admitted balance.

This plea also brings to view another company for speculating in lands, known as the "Benton Land Company." We are at a loss to know for what purpose this is done. The contract sued on relates in terms to the interest of Garrett, as assignee of Broadnax, in the company of Ware, Dougherty & Co., and makes no allusion to the Benton land company. The plea does not aver that the assignment by Broadnax to Garrett, conveyed to the latter any interest in the Benton land company, nor does it aver that either Cowles or Garrett had any interest in the said last named company, or that the settlement of the latter copartnership is at all material to the settlement of the former. Under these circumstances, we feel bound to disregard all averments relating to the Benton land company, as being foreign to this proceeding.

It is contended that both plaintiff and defendants' intestate, when they purchased the several half interests of Broadnax in the company of Ware, Dougherty & Co., took his place, and themselves became partners in that firm. It may be conceded that, according to the averments of the plea, Cowles was recognized by the firm as one of its members, and hence must be pronounced a member in lieu of Broadnax.—See Rowland v. Boozer, 10 Ala. 695. But the plea contains no averment which can constitute Garrett a partner. It is not shown that he exercised any control, or that his claim to any portion of the share which stood in Broadnax's name was recognized by, or even known to the firm. The payment made by Cowles to him shows that he, Cowles, had notice of the claim; but the refunding bond proves that he distrusted its *bona fides.*

The plea does not inform us that the firm made any purchases or sales, or did any active business, after Garrett received the assignment from Broadnax. So far as we are informed, it was a mere transfer and authority to him to receive the half profits, executed after the partnership had ceased its active operations. This was not such a participation in the profits and losses as would constitute him a partner.—Elsworth v. Tartt, 26 Ala. 733; Moore v. Smith, 19 Ala. 774.

The plea we are considering discloses a state of facts, which constitutes the plaintiff and defendant's intestate, tenants in common of Broadnax's interest in the profits of the partnership named in the bond. In such case, so long as the subject-matter of the tenancy in common remains, no action at law can be maintained by one against the other. But, if one tenant in common sell the entire property, his co-tenant may sue at law.—Perminter v. Kelly, 18 Ala. 716, and authorities cited. So, if the subject-matter of the tenancy in common be sold by one, and reduced to money, the other may sue in assumpsit, and recover his part of the money.—Martin v. Knowllys, 8 T. R. 145; 1 Chit. Pl. 45.

Construing this bond under the rule above declared, and assuming that the averments of the second plea present the surrounding circumstances, the extrinsic facts, showing the meaning and import of the *term* in the contract "share of John H. Broadnax in the company of Ware, Dougherty & Co.," we feel constrained to hold, that the bond in this case did not, in each of its aspects, impose on Garrett a present liability; but that he thereby bound, and intended to bind himself, first, to refund the money to Cowles, in the event he, Garrett, had no authority to receive it; in other words, if the half interest had not been assigned to him. In this aspect, the bond was suable immediately; the right to recover depending on the question whether he was in fact the assignee of the interest.

The bond, in the second place, required him to refund, with interest, any overpayment Cowles may have made him on that partial settlement.

The giving and taking of this bond, under the circumstances, shows that the account was not then in a condition to be settled. Otherwise, we can perceive no reason why the settlement was not then made. The parties did not and could not know whether the sum then advanced was not an overpayment; and hence Cowles took the bond to refund. Refund when? Not presently. If that had been the intention, we can imagine no reason why Cowles, instead of taking Garrett's bond to refund, should not

then have ascertained the share to which Garrett was entitled, and, instead of the bond, taken the money obligation of Garrett to pay the balance of the purchase-money. If he still doubted Garrett's right to the half profits to which Broadnax had been entitled, a refunding bond would have been as appropriate in form, as its object was prudential.

A more rational construction of this contract, when viewed in the light of the surrounding circumstances, will be to hold that Mr. Garrett bound himself to refund, when by final settlement of the affairs of the partnership, it should be ascertained whether Cowles had overpaid Garrett, and the extent of such overpayment.—See Talliaferro v. Brown, 11 Ala. 702.

This construction will settle the controversy in one proceeding, and accords with the policy of the law, which abhors circuity of action. If it be objected that undue delays and hardships are by this construction imposed on Cowles, the answer is, first, that he thus made his contract; second, that having the control of the share of Broadnax in the company of Ware, Dougherty & Co., it was at all times in his power to hasten the settlement, and thus perfect his right of action. We hold, then, that the bond sued on in this case, was not, in its second aspect, suable, until by a settlement the share of Broadnax in the company of Ware, Dougherty & Co. had been ascertained. Till then, the question of liability and its extent was not susceptible of ascertainment.

If it be objected that the special counts in the declaration are defective, because they fail to aver a previous settlement of the affairs of the partnership, the answer is, that neither the bond nor declaration discloses the outside circumstances, or informs us that a settlement was a necessary prerequisite. The plea first brings this question to our notice; and that being the case, it is sufficient that the obstacle is removed by the replication. A declaration need only show a *prima-facie* right of action.

Each count in the declaration contains a good and substantial cause of action. The second plea is sufficient, because it avers that no settlement of the accounts of

Ware, Dougherty & Co. had been had before this suit was brought. Each replication is a full answer to the plea, because each avers that the partnership effects of Ware, Dougherty & Co. had been fully settled before the institution of the suit.

The circuit court erred, in sustaining the demurrer to the replications; and for that error, the judgment is reversed, the non-suit set aside, and the cause remanded.

RICE, C. J., not sitting.