# Gunn *v.* Clendenin.

*Motion for Summary Judgment against Attorney at Law.*

1. *Admissibility of parol evidence in aid of written instrument.*—When a writing is complete in itself, it is the duty of the court to construe it without the aid of extrinsic proof. But when such writing contains a term which it is impossible for the court to construe without the aid of evidence *aliunde,* or when the law does not require the contract to be in writing, and it is insufficient or incomplete, parol evidence is admissible in aid of it.

2. *Same.*—Where under the signature of an attorney to a receipt given by him to his client for a claim left with him for collection, a memorandum in the attorney's handwriting is made in these words: "I collect for 5 per cent. when not litigated—10 per cent. when litigated, on the amount recovered;" *held,* that as the word "recovered" is as apt to express the idea of money realized, as judgment obtained, the memorandum is open to explanation by parol proof.

APPEAL from Henry Circuit Court.
Tried before Hon. H. D. CLAYTON.

[Gunn v. Clendenin.]

This was a motion by the appellant for a summary judgment under the statute against the appellee, an attorney at law, for moneys collected by him as such attorney for and on account of the appellant. The appellee answered, setting up in detail the services rendered by him for the appellant, and that there was a dispute between them as to the amount of his compensation, and averring that he had paid the money collected by him into court under section 3402 of the Code of 1876. The other facts are sufficiently stated in the opinion.

WM. C. OATES, for appellant.

D. M. SEALS, *contra.*

(No briefs come to the hands of the reporter.)

STONE, J.—The present controversy arose out of an engagement by the appellee, as attorney, to collect a promissory note, and the case was made to turn in the court below on the construction of a writing appended to the receipt given by the attorney. The receipt, after copying the note, is in the following language : "Received the original note, of which the above is a copy, for collection or return, of N. M. Gunn, Abbeville, Ala. August 22d, 1866.—(signed) J. A. Clendenin." Below this, on the same paper, and without signature, are the following words in the handwriting of the attorney : " I collect for 5 per cent. when not litigated—10 per cent. when litigated, on the amount recovered." The case was litigated, and a judgment recovered for about four thousand dollars. The sum collected was about four hundred and sixty dollars. There is testimony tending to show that the attorney, at the request of the plaintiff, performed other service in his interest not growing directly out of the original retainer; but, on this point, there is conflict in the testimony. The Circuit Court ruled, that the proper interpretation of the writing appended to the receipt, was, that it was an agreed rate of compensation, and that the meaning of the words, ten per cent. on the amount recovered, was ten per cent. on the amount of the judgment recovered, not on the sum collected. And, holding that the writing defined the measure of compensation, the court rejected all parol or oral proof offered, of what was claimed to have been the actual agreement of the parties, and of what was the value of the services rendered, according to the usual rate of charges for such services. This presents the main question of the contention.

[Danzey et al v. The State.]

There can be no question, that when a writing is complete in itself, it is the duty of the court to construe it, without the aid of extrinsic proof. But when it contains a term, which it is impossible for the court to construe without the aid of evidence *aliunde*, it is proper to resort to that evidence for that purpose.—*Drake v. Goree*, 22 Ala. 409; *Cowles v. Garrett*, 30 Ala. 341. So, when the law does not require the contract to be in writing, and the writing is insufficient or incomplete, parol evidence is admissible in aid of it.—*Mobile M. D. Co. v. McMillan*, 31 Ala. 711. See also *Lockhard v. Avery*, 8 Ala. 502; *Lazarus v. Shearer*, 2 Ala. 718; *Echols v. Exum*, 5 Ala. 419; *Sanders v. Stokes*, 30 Ala. 432; *McGehee v. Rump*, 37 Ala. 651.

The memorandum appended to the receipt is exceedingly ambiguous. The word, recovered, is probably as apt to express the idea of money realized, as judgment obtained. *Amount recovered* is the language of the memorandum. Recovery is the restoration of a former right, by the solemn judgment of a court of justice. Bouvier's Law Dic. 7. To obtain a judgment—to succeed in a lawsuit,—is Webster's definition of the word, recover. We think and hold, that the memorandum was open to explanation by parol proof.

Reversed and remanded.