[Hannon v. Espalla.]

# Hannon v. Espalla.

*Action for Commissions as Real Estate Broker.*

(Decided Nov. 15th, 1906. 42 So. Rep. 443.)

1. *Evidence; Parol Evidence as to Employment; Ambiguity.*—Where the writing was ambiguous as to whose agent E. was, and as to whom the commission was payable, parol evidence is admissible to explain the instrument and to show whether or not there was an agreement whereby one employed the other as his agent.

2. *Brokers; Action for Commission; Evidence.*—Where no objection was raised as to the form or genuineness of a deed and receipt purporting to have been signed and acknowledged by the owner of the land, such deed and receipt, together with proof of their tender to defendant, are admissible in evidence, without further proof as tending to show that defendant could have obtained the property at his offer, had he desired to do so, in an action of this character.

3. *Same; Time Within Which to Perform Service.*—A broker employed to negotiate for the purchase of property, has a reasonable time within which to perform the service, and an understanding made, after the making of the alleged contract of employment, that the broker was to get the deed by a day certain, did not make his right to the commission dependent upon the arrival of the deed by that day.

4. *Same; Admissibility of Evidence; Right to Abstract of Title.*—Where the owner had not agreed to furnish an abstract of title, it was inadmissible to show, that the defendant demanded an abstract of title from the owner, which was refused; it appearing that he did not place his refusal to purchase upon the ground that the title was not good; nor was it necessary, under this state of facts, for the broker, suing for his commission, to show that the title was clear.

5. *Same.*—Where there was evidence tending to show, that defendant had demanded the return of the writing executed on a certain day, alleged to show a contract of employment, and at the same time recognizing his obligation to pay plaintiff a commission, the defendant should have been allowed to show that the paper he demanded referred to another transaction, and that at the same time plaintiff presented a claim for other

[Hannon v. Espalla.]

commission, not including the one here sued on, and did not, prior to a later date, make demand for the sum here claimed.

6.  *Same.*—Evidence that before any agreement for purchase was reached plaintiff had submitted an offer to the owner of the property as the purported agent of defendant, was admissible as tending to show the relationship of the parties, and plaintiff's efforts to purchase the property for defendant.

7.  *Evidence; Self Serving Declaration.*—A statement in a letter from one broker to another that the principal would pay the broker a commission for negotiating the purchase, being a self serving declaration, was inadmissible as evidence.

8.  *Brokers; Amount of Compensation; Necessity of Proof.*—Where it appeared that a broker was entitled to a fixed commission under a contract for negotiating a purchase, if he was employed to negotiate, evidence to show what was a reasonable compensation for such service was inadmissible.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

Action by Espalla against Hannon for commissions for negotiating purchase of real estate. Judgment for plaintiff, and defendant appeals.

L. H. and E. W. FAITH, for appellant.—The court erred in giving the general affirmative charge for the plaintiff.—2 Mayf. pp. 561 and 564. The general charge should have been given for the defendant. The document signed by defendant and on which plaintiff relied for recovery, showed that the payment of all the money depended upon the title being good and the burden to carry this was upon the plaintiff.—*Cook v. Forst,* 116 Ala. 395 and cases cited; *Anderson v. English,* 121 Ala. 277; *A. & T. R. R. Co. v.* Nabors, 37 Ala. 489; 23 A. & E. Ency. of Law (2nd Ed.) 918. The evidence failed to show such a title and even if it be admitted that title by adverse possession was shown, such title is not within the purview of the agreement.—*Chapman v. Lee,* 55 Ala. 620. The case of *Sayre v. Wilson,* 86 Ala. 151, has no application to the case at bar.

MCALPINE & ROBINSON, for appellee.—As to the duty of a broker and as to when he is entitled to his commission the court is respectfully referred to 43 L. R. A. 606, note 2 A.; 44 L. R. A., note c. p. 347; 73 Ga. 295; 4 A.

& E. Ency. of Law, (2nd Ed.) 972. Hannon waived any objection as to title.—*Sayre v. Wilson,* 86 Ala. 157.

WEAKLEY, C. J.—The plaintiff seeks by this action to recover of the defendant (who is appellant here) the sum of $250, with interest, claimed to have been earned by him as a real estate broker in negotiating for a piece of property in Mobile, which the defendant was willing to purchase of Mrs. Chapman. The most important question for our consideration grows out of the controversy over the fact of employment vel non of the plaintiff by the defendant as his agent. The evidence shows in that August, 1902, the plaintiff claiming to act for the defendant submitted to Mr. Clarke, who was Mrs. Chapman's Mobile representativefi an offer from the defendant to purchase the property at the price of $10,-000. This offer, which was in writing, and which is referred to by the witnesses, but which is not set out in full in the bill of exceptions, was submitted to Mrs. Chapman and rejected by her, who, however, by way of reply, communicated to Mr. Clarke, by letter of September 5, 1902, her willingness to sell for $12,500; and this information was at once imparted by Clarke to the plaintiff, who on the same day (September 10, 1902) informed Clarke that the defendant had agreed to give that sum, and handed Clarke the writing signed by defendant, upon which the plaintiff relies, as being a contract with him to pay him a commission of $250 for negotiating the sale. The paper writing signed by the defendant, and handed by him to the plaintiff on the day of its date, and by the latter delivered to Clarke, as the representative of Mrs. Chapman, is as follows: "Mobile, Ala., Sept. 10, 1902. This is to certify that I will give the sum of $12,500 for the Remsen Warehouse and Areta property on the south of same, Mobile, Ala., now owned by Mrs. D. L. L. Chapman; also agree to pay the sum of $250.00 commission on said sale title to be good. P. C. Hannan. To Joseph Espalla, Jr., Agt., Mobile, Ala." The plaintiff testified that he had been negotiating for some time to buy this property for the defendant, Hannan, although he does not testify to any contract of employment or for compensation of an earlier date than

September 10th. The defendant introduced evidence tending to show that the plaintiff was making efforts during September and August of the same year to sell the property to other parties, and that he called the property to defendant's attention in August, securing from defendant the offer to purchase, first at $10,000, and subsequently at the advanced price of $12,500, as evidenced by the writing above set out. The defendant further testified that when he signed the writings of August 19th and of September 10th the plaintiff was not his agent.

In view of rulings of the lower court, the first inquiry will be whether the instrument of September 10, 1902, constitutes, upon its face, a complete contract between the plaintiff and the defendant for the payment by the latter to the former of a commission of $250 for negotiating the purchase of the property, or whether it is so incomplete or ambiguous as to admit of being supplemented or explained by either party by parol evidence. The instrument is not in the usual form of a contract inter partes. It is a certificate, addressed by the defendant to the plaintiff, who is described as agent; and yet there is no statement as to the scope or purpose of the agency, and it does not appear whether the agent was in the service of the proposed buyer or seller. The language is capable of either interpretation; and, looking merely at the paper, it is as easily supposable that the plaintiff was Mrs. Chapman's agent as that he stood in the relation of agent to the intending purchaser of the property. The certificate seems to be an offer by the defendant or the acceptance by him of a previous offer. He thereby manifests a willingness to pay a stated sum for a certain property, and he also agrees in general terms to pay a stated sum as commission on the sale. The proposed purchase price would, of course, go to the owner; but whether the stipulated commission was contracted to be paid to hold the owner harmless against the burden of compensation to some one acting for her, or whether it was to be paid the plaintiff as agent of the defendant, does not appear from the instrument. We therefore conclude that the writing was not complete in itself, and that it possessed such am-

[Hannon v. Espalla.]

biguity as rendered evidence aliunde admissible in aid
of it.—*Gunn v. Clendenin*, 68 Ala. 294. It was compe-
tent for the plaintiff to show by parol that the defend-
ant, on the day the paper was signed, authorized him to
go and close the trade for him, and promised to pay him
the commission for so doing. On like principles it was
competent for the defendant to show, to the reasonable
satisfaction of the jury, if he could, that the plaintiff
was not acting for nor employed by him, and that the
agreement to pay commission, contained in the writing,
was inserted as a provision for the payment of the stip-
ulated sum to Mr. Clarke, upon the assurance of the
plaintiff that Mr. Clarke wanted compensation for his
services. If these facts satisfactorily appeared, it
would disprove an agreement to pay a commission to the
plaintiff, and hence would defeat a recovery, since the
burden is upon the plaintiff to establish the rendition
of services, under such circumstances, as to entitle him
to compensation therefor from the defendant. The
court below, by numerous rulings, which we need not
specify, declined to allow parol proof, offered by the de-
fendant in aid or explanation of the writing, whereby
it was sought to show defendant had not employed
plaintiff nor agreed to pay him a commission, and in
these rulings error was committed. Had the proposed
evidence been received, the question of employment and
agency vel non would have called for a decision by the
jury.

There are numerous assignments of error, and what
we have already said disposes of several of them. We
will refer to and consider such other questions presented
by the record as may arise and be important upon an-
other trial. Upon the assumption that the plaintiff was
employed by the defendant to negotiate a purchase at
the stipulated price, the evidence shows without con-
flict that Mrs. Chapman accepted the defendant as a
purchaser, and that she sent to Mobile within a reason-
able time a deed and receipt, for the purpose of consum-
mating the sale. The deed and receipt purported to be
signed by the vendor and her husband, and the deed was
acknowledged before a notary public, who certified the
acknowledgment under his seal, and when these were

[Hannon v. Espalla.]

tendered to the defendant no question as to their genuiness was raised. Proof was made of the signature to the instrument by a witness familiar with the handwriting of the signers. These instruments were competent to be introduced in evidence, along with proof of the tender, as tending to show the defendant could have obtained the property at his offer, had he desired to consummate the trade, without other proof of their execution. It is true the defendant states that he did not authorize the preparation of a deed so as to show the purchase price was only $10,000 (thereby contradicting the plaintiff on this point), and that he so informed Mr. Clarke when the deed was tendered; yet it satisfactorily appears from defendant's own evidence that he had already decided not to take the property, and had communicated his purpose in that regard to the plaintiff before the deed arrived, and his failure to make the purchase was not due to the manner in which the deed was drawn. It would have been an easy matter to secure another deed, stating the correct sum as the purchase price, had the defendant in good faith manifested a purpose to perform his agreement to purchase.

If the defendant agreed with the plaintiff to negotiate for him a purchase of the property, the latter had a reasonable time within which to perform the service, and thus to earn the compensation. The proof shows that the defendant was accepted as a purchaser, and a deed evidencing a sale to him was promptly sent from the city of the owner's residence. Before the deed arrived, and upon the Saturday following the signing of the certificate of September 10th, the defendant informed plaintiff that he withdrew his offer to purchase the property, and thereafter he made no real bona fide effort to consummate the trade. He says that, "after he had signed the paper dated September 10th, it was understood that defendant was to get the deed for the property on the following Wednesday." This statement falls short of showing that the earning by plaintiff of his commission, if defendant had agreed to compensate him, was dependent upon the arrival of the deed by a fixed day, or that the understanding would operate to author-

[Hannon v. Espalla.]

ize him to decline to perform his contract with Mrs. Chapman.

There is nothing in the record to show any contract, duty, or obligation upon the part of Mrs. Chapman to furnish the defendant with an abstract of title, and hence no error was committed in declining to allow him to prove that, when Mrs. Chapman's attorney threatened him with a suit for specific performance, the attorney demanded an abstract of title. The certificate of September 10th stipulated that the title was to be good; and the appellant insists that plaintiff should have proven affirmatively that Mrs. Chapman had a clear and indefeasible title in fee simple before the plaintiff could recover. His argument proceeds upon the idea that in this suit proof of title should have been as complete as if Mrs. Chapman were suing in ejectment to recover. In this we do not concur. Under such a contract as defendant made, he had the right to examine the title, and, if any fault or defect appeared, to point it out, so that it might be remedied, if possible, and did not place his refusal to purchase upon the ground that the vendor's title was not good. There is nothing in the record to show any imperfection in Mrs. Chapman's title, and in his certificate evidencing a willingness to purchase she is spoken of as the owner. In the situation of this case, the plaintiff, suing for a commission, was relieved of the burden of offering proof on the subject of Mrs. Chapman's title, and the defendant was not entitled to the affirmative charge for want of proof upon that subject. As we view the case, the controlling question on the merits is whether the defendant employed the plaintiff to act for him and agreed to pay him the commission. As bearing upon this controverted question of fact there are several further assignments of error to be noticed.

The plaintiff having offered his own evidence and that of other witnesses tending to show that defendant demanded the return of his signed certificate of September 10th, at the same time recognizing his obligation to pay plaintiff the commission, the defendant should have been allowed to testify that the paper he demanded referred to a store on Dauphin street, and at the same time plaintiff presented him with a statement for other com-

missions, not including that sued for in this action, and that plaintiff had never, prior to October 21st, demanded of the defendant the sum now claimed. As showing the relations of the parties and the whole history of the effort of the defendant to purchase the property and plaintiff's connection therewith, evidence of the transaction in August, wherein defendant offered $10,00 for the property, was admissible. The letter to Clarke of September 10, 1902, is shown to have been written by the plaintiff, is admissible in so far as it shows an effort upon the plaintiff's part to conclude the purchase for the defendant. The statement therein that the defendant would pay the plaintiff the sum of $250 for his commission is the mere self-serving declaration of the plaintiff, and not admissible aginst the defendant, if a proper objection be directed to that portion of the letter.

There seems to have been no occasion for proof by the witness Sage as to what would be a reasonable commission for buying real estate in Mobile, since, if plaintiff was entitled to recover, the amount was fixed by stipulation at $250.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.