(83 South. 572)

DOZIER v. VIZARD INV. CO. (2 Div. 679.)

(Supreme Court of Alabama. Oct. 23, 1919.)

1. EVIDENCE ⟊450(10)—PAROL EVIDENCE ADMISSIBLE TO EXPLAIN AMBIGUOUS TERMS OF NOTE.

An interest note payable at an Alabama bank "with interest after maturity at 8 per cent. per annum and exchange on New York, N. Y.," held ambiguous and uncertain as to whether the exchange provision was conditional on default at maturity, and parol evidence was admissible to show that exchange need not be paid unless the note was dishonored at maturity.

2. BILLS AND NOTES ⟊537(1)—IT IS NOT FOR THE COURT TO DECLARE THE EFFECT OF AMBIGUOUS TERMS OF THE NOTE.

While it is the province of the court to declare the effect of a written instrument, and this rule is applicable to notes, the court should not attempt to declare the effect of a note where it is ambiguous and parol evidence is admissible to explain its terms.

3. TENDER ⟊14(1)—TENDER MUST BE UNCONDITIONAL.

It is a correct general rule that every tender by a debtor to a creditor must be absolute and not coupled with conditions, but if the condition interpolated is not prejudicial to the creditor, and is one which the debtor has a right to insist upon, it will not vitiate the tender.

4. TENDER ⟊14(4)—DEMAND BY MAKER THAT NOTE BE SURRENDERED DID NOT VITIATE TENDER.

Where the maker, who had signed interest notes, on tendering the amount of a note, demanded its surrender, but the bank to which it had been sent for collection refused the tender as instructed by holder on the sole ground that the maker would not pay an additional sum for New York exchange which the holder claimed, the demand of the maker that the note be surrendered did not vitiate the tender.

Sayre and Somerville, JJ., dissenting.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Action by C. H. Dozier against the Vizard Investment Company for damages for foreclosing mortgage. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first count is for wrongfully and maliciously advertising the property for sale under a mortgage after plaintiff had kept and performed the agreements in said mortgage which was a slander to the title of plaintiff to said property and greatly damaged and injured the credit of plaintiff and caused him to suffer great mental anguish and pain.

The second count is for slander and libel, in that defendant published of and concerning plaintiff in the Marion Times Standard, with the intent to defame plaintiff, the following matter: "Default having been made in the payment of part of the debt secured by said mortgage," meaning thereby that plaintiff had failed to pay his debts secured by this mortgage on his property, which said publication was made on, to wit, the 18th day of October, 1917, at which time plaintiff was a merchant at Marion, Ala., engaged in the mercantile business and his credit was impaired, etc.

Count 3 is for money had and received.

Count 4 is for breach of contract growing out of the mortgage and its foreclosure, in that defendant had agreed and did lend plaintiff a sum of money for a term of years with 7 per cent. interest payable annually, and plaintiff avers that, although he kept and performed all of the covenants, stipulations, and agreements in the contract by him to be kept and performed, the defendant had breached said contract, in that, long prior to the time when plaintiff was bound under the contract to repay said loan, defendant in violation of said contract wrongfully declared plaintiff's loan to be due and did foreclose the mortgage on plaintiff's property. (Then follows catalogue of damages.)

Demurrers were sustained to counts 4 and 5, and a nonsuit was entered because of adverse rulings of the court against plaintiff upon the introduction of evidence. The other facts sufficiently appear.

A. W. Stewart, of Marion, and Pettus, Fuller & Lapsley, of Selma, for appellant. Parol evidence was admissible as to the negotiations of the parties as to the mode and amount of payment. 6 R. C. L. 839; 13 Corpus Juris, 544; 198 Ala. 57, 73 South. 423; 205 U. S. 105, 27 Sup. Ct. 450, 51 L. Ed. 731; 1 Ala. 41; 18 Mont. 28, 44 Pac. 80. Readiness and willingness to pay is equivalent to a tender. Sections 70, 89, 74, Acts 1909, p. 138. The note was indefinite, and susceptible to two conceptions, and parol evidence was admissible to explain it. 198 Ala. 57, 73 South. 423; 62 Mich. 473, 29 N. W. 46; 3 R. C. L. 869. The note was on defendant's printed form, and must be construed against the defendant. 13 Corpus Juris, 545.

Stevens, McCorvey & McLeod, of Mobile, for appellee. The appellant did not make a prima facie case of liability, and all evidence as to damage was immaterial. 164 Ala. 665, 51 South. 164; 197 Ala. 599, 73 South. 99; 38 Cyc. 1350. Counsel discussed the authority cited by appellant as to the construction of the note and the admissibility of parol, and conclude that they are without application here. There was no sufficient tender. Hunt on Tender, § 249; 80 Ala. 579, 2 South. 725; 2 Parsons, Contracts, *644; 38 Cyc. 154.

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. Appellant sued appellee in several forms of action to recover damages for appellee's alleged wrongful foreclosure of a mortgage. Appellant, by the mortgage which he executed, had secured a loan of $8,000, due and payable five years after date, with interest at 7 per cent. Separate notes for the annual interest were given, and it was stipulated that upon a failure to pay any of said notes as they should severally fall due, or any part thereof, the entire debt should at once become due and payable. Appellant put in evidence all the notes made by him, the same being identical except in amounts and dates of maturity. The note out of which this controversy arose between the parties, the first of the series of interest notes, was as follows:

"$560.00. Greensboro, Ala., August 11, 1916.

"On the 15th day of August, 1917, after date I promise to pay to the order of the Vizard Investment Company, Inc., five hundred and sixty and no/100 dollars.

"Value received, negotiable and payable at the People's Bank of Marion, Marion, Alabama.

"And it is agreed that if the holder hereof shall deem it necessary to place this obligation in the hands of an attorney for collection then such reasonable attorney's fees as may be incurred in its collection by suit or otherwise, shall be paid by the undersigned. And all rights to exemption to personal and real property under the laws and constitution of this state or any other state, whether now existing or hereafter created, are hereby waived in behalf of this obligation by the makers and indorsers of this note.

"With interest after maturity at 8 per cent. per annum and exchange on New York, N. Y.
                              "[Signed] C. H. Dozier.

"Attest:
    "W. C. Dozier.
    "J. M. Dozier.
"War Revenue Stamps, 12 cents."

Appellant then, proceeding upon the hypothesis that the note upon its face was ambiguous, offered to prove that at the time he signed the note he stated to the agent negotiating the loan for appellee, and the agent agreed, that the concluding clause in the note governed the payment of exchange only in the event there was default in the payment of the note, and that, if the note was paid at maturity, no exchange would be due, and, to quote the bill of exceptions in further definition of the question reserved:

"That the parties themselves had agreed on the construction of the doubtful term in the note at the time the note was executed or immediately after it was executed."

The court, on objection, declined to hear this evidence, whereupon appellant took a nonsuit with a bill of exceptions.

The ultimate and decisive question is this: Is the clause providing in this language, "With interest after maturity at 8 per cent. per annum and exchange on New York, N. Y.," ambiguous in respect to its provisions for the payment of exchange on New York?

Appellant refers to certain rules of construction, viz.: Where a contract is ambiguous, it will be construed most strongly against the party preparing it or employing the words concerning which doubt arises, and, where the parties to a contract have given it a practical construction by their conduct, such construction is entitled to great if not controlling weight in determining its proper interpretation, particularly where such interpretation is agreed on before any controversy. Hundreds of cases might be cited to sustain these propositions. 13 C. J. 544, 546. But they assume the presence of ambiguity, and, as we have said, the question here is whether the note is ambiguous in the respect under consideration.

The requirement that appellant should pay exchange on New York meant, of course, that appellee contracted to have appellant pay the cost of transmitting the money, when paid, to New York. We perceive no reason on the face of the stipulation why it should be read to mean that appellant was to pay the cost of transmitting the money to New York in the event the notes were not paid at maturity, but that he should not be at that expense in the event payment was made at maturity. The stipulation meant only that appellee wanted the value of its money in New York, whenever paid, and could mean nothing else. It hardly, therefore, involved the rule which, as stated in Drake v. Goree, 22 Ala. 409, and subsequent cases, holds that where a written contract, although complete in itself, contains a term which the court is unable to construe without the aid of evidence aliunde, it is proper to resort to such evidence for that purpose.

It is argued that since the stipulation for exchange is found in the same clause with the provision for interest after maturity at 8 per cent. per annum, and interest is a penalty, therefore the stipulation for exchange was introduced as a penalty for failure to pay at maturity. Interest, where not made the subject of express contract, is allowed by law as damages to compensate for the use of money. The loan in this case by contract bore interest until maturity at the rate of 7 per cent. per annum. A stipulation for interest at 8 per cent. on the principal after maturity seems to have been considered necessary, or useful at any rate, to exclude the conclusion that the principal would continue to bear interest at the lesser rate, if not paid at maturity. Substantially, the like stipulation in the interest notes served the same purpose, though these notes could not be made to bear interest unless and until default in their payment at maturity. But no

similar purpose was to be served by the provision for exchange.

The brief also calls attention to the dislocation of the stipulation for exchange from its natural place at the end of the first clause of the note; but we do not perceive that the intervening matter has any relation to or effect upon the stipulation in question. The clause in which this provision is found lacks grammatical subject and predicate, as appellant notes in his brief, but its meaning is clear. It means nothing more nor less than appellant's promise to pay the debt evidenced by the note with interest—after maturity, in the case of the interest notes, because they could not bear interest before—and exchange on New York. The process by which it may be supposed to mean something else would suffice to cast doubt upon the meaning of any, the plainest, language. It would in effect abrogate the rule—which can by no means be done—that the court must come to the intention of the parties to contracts through the terms which the parties themselves have used, and, when a contract is plain and unambiguous, it cannot be so construed as to relieve a party from consequences deemed by him hard or unfair, contrary to its express provisions, nor can it be relieved against in the absence of fraud or other vitiating circumstances. Lee v. Cochran, 157 Ala. 311, 47 South. 581; Day v. Thompson, 65 Ala. 269.

We have thus disposed of the turning point in the case. Other questions to which some of the assignments of error are addressed need not be considered. The opinion of the court is that the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

On Rehearing.

PER CURIAM. On this hearing the majority of the court, consisting of McCLELLAN, GARDNER, THOMAS, JJ., and the writer, have reached the conclusion that the judgment must be reversed on account of the refusal of the court to admit parol proof to explain the meaning and effect of the provision in the note in question as to the payment of New York exchange.

[1] The writing is ambiguous and doubtful in meaning as to whether it is an absolute and independent promise to pay New York exchange, or whether the promise is conditional and dependent; that is, that New York exchange should be paid only in the event there was a default as to the payment of the $560 mentioned in the body of the note. It is certain that the promise to pay the $560 on the 15th day of August, 1917, is absolute and unconditional. It is also certain that, if this amount is paid when due, no interest, attorney's fees, cost of collecting, etc., are to

be paid; but, if this amount of $560 is not paid at maturity, then there is a promise to pay interest, attorney's fees, cost of collecting, etc.—hence the promise to pay these items is conditional. Whether the promise to pay for exchange on New York is an absolute or conditional promise is not so certain. Parol proof is therefore admissible to show what was meant or intended by the parties when they used the language which is susceptible of the two meanings. The record shows that this was the only dispute between the parties—as to what was the meaning of the phrase "and exchange on New York, N. Y." The payee contending that the promise to pay the exchange was absolute, and the payer that it was conditional only; that is, only on failure to pay the $560 at maturity.

The $560 was tendered on the day it was due, but the collecting agent of the payee declined to accept it in payment and discharge of the obligation; agreeing, however, to accept it as part payment of the note. This the payer declined to do, but tendered the $560 and demanded his note which was a negotiable instrument. His demand, and tender as made, was refused, and the mortgage given to secure the debt was foreclosed; and this action was to recover damages for the wrongful foreclosure.

This proffered evidence by the plaintiff did not tend to contradict the writing and was not offered for that purpose. It was offered for the purpose, and tended to explain the meaning of the phrase as it was then interpreted by both parties to the contract.

If the language used was definite and certain in meaning, parol proof would not be admissible to show it was agreed that it should have a different meaning; but, where it is susceptible of two or more meanings, parol proof is admissible to show in which of these meanings it was used by the parties. The parol proof in such cases explains, or aids in construing, the writing, and does not tend to contradict the written contract and substitute an oral contract for the written one; but it aids in ascertaining and in enforcing the written contract.

The ambiguity in this particular arises more from the position in which the phrase "with exchange" occurs, than from the words or language used to express the meaning. The phrase is not in the body of the note, but follows other conditional promises to pay attorney's fees, interest, etc. It is conceded that no attorney's fees or interest was due if the note was paid at maturity; but it is insisted that the exchange was due whether the note was paid when due or not.

[2] The case falls within the rules of evidence declared and enforced in the cases of Boykin v. Bk. of Mobile, 72 Ala. 262, 47 Am. Rep. 408; Hannon v. Espalla, 148 Ala. 313, 42 South. 443; Gunn v. Clendenin, 68 Ala. 294; and Drake v. Goree, 22 Ala. 409. The rule

we follow is well stated in Boykin v. Bk. of Mobile, supra, and has been repeatedly followed by this court:

"It is the province of the court to construe written instruments, and declare their legal effect. But, when the legal operation and effect of an instrument depends, not only on the meaning and construction of its words, but upon collateral facts in pais, and extrinsic evidence, the inference of facts to be drawn from the evidence should be submitted to the jury. * * *

"A promissory note ought, regularly, to express upon its face the time at which it is payable; but, if no time is expressed, and there is not a plain manifestation of an intention to express a day of payment, the law intervenes, and implies that it is payable on demand. Story on Prom. Notes, § 29. Or, if a blank is left on the face of the note, for the insertion of a day of payment, and in this imperfect condition it is delivered by the maker to the payee, the latter is clothed with a discretionary authority to insert such day of payment as he may choose. Mitchell v. Culver, 7 Cowen [N. Y.] 336. Or, if a certain day of payment is intended, and by mistake or inadvertence omitted, the holder may insert it, and the insertion is not an unauthorized, material alteration, which will vitiate the note. Boyd v. Brotherson, 10 Wend. [N. Y.] 93. * * *

"Words may be supplied, or may be rejected, when necessary to carry into effect the reasonable intention of the parties. In Chitty on Bills, 151, it is said: 'Where there is contradiction, ambiguity, or uncertainty in the terms of the instrument, it may, especially against the party making or negotiating it, be so construed as to give effect to it according to the presumed intention of the parties.'" Boykin v. Bk. of Mobile, supra.

"There can be no question that, when a writing is complete in itself, it is the duty of the court to construe it, without the aid of extrinsic proof. But when it contains a term, which it is impossible for the court to construe without the aid of evidence aliunde, it is proper to resort to that evidence for that purpose. Drake v. Goree, 22 Ala. 409; Cowles v. Garrett, 30 Ala. 341." Gunn v. Clendenin, supra.

[3, 4] It is insisted by counsel for appellee that the tender was not good and effective because it was conditioned upon the surrender of the note, giving a receipt, etc. We do not so read the record, that the tender was conditional in the sense to avoid its effect if it had been unconditional. The only condition was that the note to be paid be surrendered. This the payer had a legal right to demand, there being no reason why it should or could not be surrendered when paid. The note was in the bank for collection; the money with which and for the purpose of paying it was deposited in the bank; and a check was drawn by the depositor and tendered to the bank in payment of the note, if only $560 was due. The bank refused to accept the check, under the instruction of the payee, unless the full amount was paid. No objection was made on account of the clerk, other than the amount thereof. The payer tendered the amount less New York exchange, and the payee declined to accept unless the tender included the exchange. Whether or not the payer owed the exchange, if he paid the note when due, was the sole difference between the parties; the payee claiming that he did, and the payer claiming he did not. This is made definite and certain by an extended correspondence between the parties, which ended by a letter from the collecting bank which was obeying the instructions of the payee. This letter is as follows:

"Marion, Ala., August 15, 1917.
"Mr. C. H. Dozier, Marion, Ala.—Dear Sir: We have for collection your note to Vizard Investment Company, of Mobile, Ala., for the sum of $560.00, due today, August 15th, 1917.
"We have been instructed by said company to collect said note, plus the cost of exchange, which is $1.40.
"We beg to acknowledge tender by you of your check of this date, August 15th, 1917, on this bank payable to this bank for the sum of $560.00, for said note, but inasmuch as we have definite instructions to collect the exchange in addition to the $560.00, we cannot accept your check.
"Yours very truly,
"The People's Bank of Marion, Ala.,
"By J. M. Moore, President."

Hence the tender was made, and refused solely on account of the amount. The demand made by the payer for his note was not unreasonable and did not defeat the tender by making it conditional. Wilhite v. Ryan, 66 Ala. 106. The rule in this state is thus stated:

"It is a correct general rule of law that every tender of money, by a debtor to a creditor, must be absolute, and not coupled with conditions. It must not be offered in full of all demands, or on condition that the creditor return the necessary change, or execute a release, or on other similar terms leading to the embarrassment of the creditor's legal rights. 2 Greenl. Ev. § 605; Bakeman v. Pooler, 15 Wend. 637. If, however, the condition interpolated is one not prejudicial to the creditor, and on which the debtor has a right, under the contract, to insist, it does not vitiate the tender. Wheelock v. Tanner, 39 N. Y. 481; Saunders v. Frost, 5 Pick. 259, 16 Am. Dec. 394." Wilhite v. Ryan, supra.

If the amount tendered was all that was then due, the payer had a right to the note, and it did not injure or prejudice the rights of the payee. If the amount was not all that was due, then it was insufficient if it had been unconditional.

It results that the judgment should be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, GARDNER, and THOMAS, JJ., concur.

SOMERVILLE, J. I concur in the opinion of Justice SAYRE, and dissent from the judgment of reversal on the rehearing.

ANDERSON, C. J. While I withdraw my concurrence in the original opinion in this case as prepared by SAYRE, J., and in the conclusion there reached, and think that the rehearing should be granted, I do not wish to be understood as indorsing the views of the majority as set forth in the foregoing "per curiam" opinion.

The plaintiff executed to the defendant the note heretofore set out, and the question is: Did the payee have the right to charge for New York exchange if the note was paid at maturity at the People's Bank of Marion, or only the right to claim said exchange in case the note was not paid at maturity? The only provision for New York exchange appears as follows, at the bottom of the note: "With interest after maturity at eight per cent. per annum and exchange on New York, N. Y." The first part of the note calling for the amount to be paid is silent as to New York exchange as is that part of it designating the place of payment. Had the parties intended to provide for New York exchange, notwithstanding the note was paid at maturity, the note, either in setting forth the amount or designating the place of payment, should have included the words "with New York exchange," and it is manifest that the last quoted part of the note, to wit, "With interest after maturity at eight per cent. per annum and exchange on New York, N. Y.," contemplated the exaction of New York exchange only in case the note was not paid at maturity. I therefore think that, when the plaintiff tendered the Marion bank the face of the note at maturity, he complied with the terms of the note, and the payee had no right to exact New York exchange which was only contemplated as a penalty in case of a default in the payment of the note. This to my mind is the plain and unambiguous meaning and purport of the note which needed no explanation by parol testimony or otherwise, upon the theory that it presented a latent ambiguity. It was a question for the interpretation of the court without the aid of parol proof, and I do not think that the trial court erred in excluding parol evidence attempting to explain the same.

Upon the question of the sufficiency of the tender, I, of course, recognize the general rule that a tender must be unconditional; but there seems to be a contrariety of opinion as to whether or not a demand for the surrender of the evidence of the debt creates such a condition as to vitiate the tender, notwithstanding the amount tendered was all that was due. I think that the most salutary rule is the one as laid down in note 1 on page 645, vol. 2, Parsons on Contract (9th Ed.), as follows:

"Thus a tender to pay a note is not invalidated because subject to a condition that the note be given up. Strafford v. Welch, 59 N. H. 46. So in the case of a bond. Bailey v. Buchanan County, 115 N. Y. 297 [22 N. E. 155, 6 L. R. A. 562]. A tender of an amount due on a mortgage is good, though conditional on the execution of satisfaction of the mortgage. Halpin v. Phenix Ins. Co., 118 N. Y. 165 [23 N. E. 482]. So, also, Johnson v. Cranage, 45 Mich. 14 [7 N. W. 188]."

I do not think that our case of Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 South. 202, is necessarily in conflict with the present holding as the condition there was, not for a mere surrender of the evidence of the debt, but involved a demand for two receipts, "each expressing to be in full of certain claims of insurance." While the facts differentiate that case from this one, I do not wish to commit myself to the soundness of the proposition that demanding a receipt when the full amount due is tendered will destroy the tender.