(89 South. 460)

**CAPLES et al. v. YOUNG et al.   (2 Div. 727.)**

(Supreme Court of Alabama.   June 30, 1921.)

1. **Injunction** ⬅174—**Statute admitting affidavits on hearing of motion to dissolve inapplicable where no action on motion until final decree.**

· Code 1907, § 4535, under which affidavits of the parties, as well as the sworn bill and answer, are admissible on the hearing of a motion to dissolve an injunction, is inapplicable where no action was had on such motion until the rendition of the final decree.

2. **Injunction** ⬅48—**Bill to restrain building road for continuous use held not demurrable for want of equity.**

Under a deed conveying timber on the seller's land with the right of ingress and egress for the purpose of cutting and removing it, on condition there should be no injury to the seller's growing crops, a bill to enjoin the building of a road over such crops, showing that such trespass was intended to be continuous over a period of years, and that the damages could not be measured so as to give adequate relief at law, and being also in the nature of a bill to enforce the restrictive covenants in the deed as to the right of ingress and egress, was not demurrable for want of equity.

3. **Appeal and error** ⬅1009(3)—**Findings of chancellor on disputed question of fact not disturbed unless plainly wrong.**

In a suit to enjoin the building of a road over plaintiff's growing crops in violation of a covenant of his deed conveying the timber on his premises, with a right of ingress and egress over them subject to such limitation, submitted on the pleadings and proof taken orally before the court, as prescribed by Acts 1915, p. 705, where parol evidence, offered in explanation and aid of the construction of the contract, was in conflict as to whether such right of ingress and egress might be exercised as to any timber cut upon land other than that described in the deed, the findings of the chancellor, who had the witnesses before him and an opportunity to observe their demeanor on the stand, will not be disturbed, unless plainly and palpably wrong, nor, pursuant to its policy, since Act 1915, p. 595, § 3, providing that the Supreme Court need not write opinions in cases relating to questions of fact only, will the court enter into a detailed discussion of the evidence.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Bill by Anna Young and another against J. D. Caples and others, to enjoin trespass to land and growing crops, by building a road thereon. From a decree granting relief, respondents appeal. Affirmed.

J. L. Bishop, of Selma, and Brown & Ward, of Tuscaloosa, for appellants.

The bill is without equity, and will not support an injunction. 204 Ala. 691, 87 South. 81; 147 Ala. 280, 41 South. 832; 35 Ala. 601; 51 Ala. 434; 32 Fla. 344, 14 South. 4, 22 L. R. A. 233, 37 Am. St. Rep. 101. The court will consider the bill, answer, and affidavits, but not the oral proof. Section 4535, Code 1907; 173 Ala. 14, 55 South. 301; 60 South. 837. The intention of the parties governs in the construction of a deed, and parol proof is competent to show this. 182 Mich. 564, 148 N. W. 769, L. R. A. 1916B, 64, and note.

Craig & Craig, of Selma, for appellees.

The bill had equity, and the court properly put on the injunction. 22 Cyc. 825, 830, 831, 844, 845, 846, 859, 860; 61 Mo. App. 422; 14 R. C. L. 381, 382. The court took no action on the motion to dissolve the temporary injunction, and hence the statute does not apply.

GARDNER, J. Appellees conveyed to appellants by deed duly executed all the merchantable timber of specified dimensions with certain exceptions not necessary to mention situated upon the lands particularly described therein and occupied by the appellees as a home. Definite time was provided in the con-

tract for the cutting and removal of the timber, at the expiration of which it was provided that the timber should revert and become the absolute property of the appellees. The right was also granted to the purchasers to build suitable houses and sheds on the land necessary to cover and maintain all machinery for the manufacturing of said timber into lumber, and for drying and planing the same, with the further stipulation that these buildings may be removed within a reasonable time after the expiration of the contract. The right of ingress and egress over and upon the land for the purpose of cutting timber and removing the same, as well as lumber manufactured by the purchasers, was also granted, but with the express limitation that 'there should be no injury to the growing crop or crops of the seller.

This deed was executed in May, 1918, and in October, 1919, appellees filed this bill against the appellants, setting forth the foregoing facts, attaching a copy of the deed as an exhibit to the bill, and alleging that the respondents have laid out, and are using or about to use for removing the timber on said land, as well as other timber not on said land, a road over and upon the growing crops of clover and hay belonging to complainants for a distance of over a quarter of a mile; and that the use of such road will work irreparable damage, and that the injury is of such a nature that it cannot be fully compensated in damages or measured by any pecuniary standard, and is in violation of the restriction in said contract or deed. The bill further avers that the respondents intend to convey over this road timber purchased from other parties and on lands other than those of complainants, and that no such right was given by said deed. Under the original terms of the contract a period of five years for the removal of the timber was prescribed. The bill prays that the respondents be enjoined from such trespass upon the growing crops of the complainants, and from hauling timber or logs over the land which was cut or removed from lands other than those described in the deed.

[1] There was demurrer to the bill for want of equity, and answer filed by the respondents denying that they had laid out and were using or about to use a road for the removal of timber, which would trespass upon any growing crops of clover and hay, and denying the other material averments, particularly in reference to that part of the bill which restricts the right of ingress and egress to timber cut upon the land described in the deed. Motion was made to dissolve the injunction for want of equity in the bill, and upon denial of the answer numerous affidavits were offered by the respective parties; but no action was had upon the motion to dissolve the temporary injunction until the rendition of the final decree. Therefore, section 4535, Code 1907, and the case of Nelson v. Hammonds, 173 Ala. 14, 55 South. 301, construing the same, are here without application.

[2] The bill shows that the trespass upon growing crops was intended by the respondents to be continuous over a period of years, and such damage to accrue therefrom cannot be measured so as to give adequate relief at law, and is also in the nature of a bill to enforce the restrictive covenants contained in the deed as to the right of ingress and egress. 14 R. C. L. 397 et seq.; Id., 383 et seq. The demurrer to the bill for want of equity was properly overruled.

[3] The cause coming on for final hearing was submitted for decree upon the pleadings and proof taken orally before the court, as now prescribed by the statute. Acts 1915, p. 705. The evidence for the complainants sustains the theory that the respondents were making a road upon their land and trespassing upon growing crops of clover and hay in violation of the restrictions contained in the deed, while the testimony for the respondents was to the contrary. As previously stated, the deed gave the respondents the right of ingress and egress upon the lands therein described for the purpose of cutting and removing the timber as well as the manufacture of lumber.

It is the insistence of respondents that this language is without restriction, and that therefore the right may be exercised as to any timber or lumber cut upon land other than that described in the deed, and especially timber from the Mayo tract of land lying just to the north of complainants. On the other hand, complainants urge that the deed is not to be given such a construction as to the unlimited use of the land, but should be construed as meaning only the timber which was cut upon their property.

All of the parties to the litigation appear to have acquiesced in the idea that the language of the deed concerning this particular right was of such ambiguous character as to call for parol proof concerning the facts and circumstances surrounding the parties at the time, to aid in the proper construction thereof, and we have likewise so treated the case. Dozier v. Vizard Inv. Co., 203 Ala. 421, 83 South. 572; note, Shepard v. Germania F. I. Co., 33 L. R. A. (N. S.) 160, 161.

The question in this respect is, What was the intention of the parties to the contract? Much stress is laid in argument upon the fact that, in the paragraph granting the right of ingress and egress, the word "said" just preceding the word "timber" was erased before signing, and the original deed is sent up for inspection on this account. If so much significance must be attached to this word, then it should likewise be given importance in that paragraph of the contract wherein the respondents were to have the right to build

suitable houses for the maintenance and protection of all machinery for manufacturing "said timber" into lumber, thereby indicating that the timber which was to be sawed into lumber was only that which was to be cut from the premises, and not elsewhere. If this is the proper construction, the argument for the removal of timber from other lands upon the land here in question would lose much of its force and reasoning. However, the parol evidence relied upon by the respective parties as in explanation and aid of the construction of the contract was itself in sharp conflict. We have read all the testimony with painstaking care. The chancellor had the witnesses before him, and an opportunity to observe their demeanor upon the stand, and his findings upon the facts under these circumstances will not be disturbed unless we are convinced that they are plainly and palpably wrong. Since the passage of the act of 1915, p. 594, it has not been the policy of this court to enter into a detailed discussion of the evidence. Pilcher v. Surles, 202 Ala. 643, 81 South. 585. Suffice it to say, however, after a careful deliberation upon the evidence in the light of the helpful briefs by counsel for the respective parties, the conclusion has been reached that the finding of the chancellor should not be disturbed.

It results that in our opinion the decree is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.