## CHRISTIAN *v.* CROCKER, *et al.*

EQUITY PLEADINGS—*misjoinder of parties*  Where there is a misjoinder of parties plaintiff, in a bill, either of the defendants may demur.

Where there is a misjoinder of parties defendant in a bill, only those defendants may demur who are improperly joined.

The objection of misjoinder of parties as defendants in a bill is a mere personal privilege.

Where Mrs. C. files a bill against C. and R. and B., R. and B. can not take advantage by demurrer, of the misjoinder of C., or of the non-joinder of other persons as parties defendant.

PARTNERSHIP—Where a firm contract with laborers, agreeing to pay them for their labor one-third the proceeds of the crop, the laborers are not thereby made members of the partnership.

In such a case the share of the laborer is in the nature of wages, unliquidated at the time, but capable of being reduced to a certainty on the sale of the crop.

Such an arrangement simply establishes a rule whereby the laborers are to be compensated.

The laborers would have no power to bind the firm by their contracts.

### Appeal from Ashley Circuit Court.

Hon. H. B. MORSE, Circuit Judge. .

WATKINS & ROSE, for appellant.

In chancery, if the misjoinder is of parties as defendants, those only can demur who are improperly joined. *Story Eq. Pl.*, sec. 544; *Gartland v. Nunn*, 11 *Ark.*, 731.

In a bill to settle a partnership account none should be made parties except those who are parties to the partnership contract. *Collyer Part.*, sec. 365 ; *Story Eq. Pl.*, sec. 99 ; *Peay v. Wright*, 22·*Ark.*, 198.

The bill was not multifarious. *Story Eq. Pl.*, sec. 27.

GARLAND & NASH, for appellees.

The defect as to parties, being apparent on the face of the bill, could be taken advantage of by demurrer. *Porter, et al., v. Clements*, 3 *Ark.*, 364; *Story's Eq.·Pl.*, 74, *a.*, 77, 236, 237, 540, 545.

Crocker, having settled his partnership affairs, was out of the matter of dispute, and really had no interest in the suit at all. Having no interest in the suit whatever, he was an improper party, and the demurrer was proper for this defect. 3 *Ark., sup.*; *Story, sup.*, and 135–9.

As Crocker had settled, and what interest, if any, he had, was levied on by Bell & Co., by attachment, they alone were the parties proper, as representing his interest, and not Crocker; as, by this proceeding, Bell & Co. became substituted in place of Crocker, as to partnership property. 1 *Story's Eq. Juris.*, secs. 677–679.

The laborers on the place, being directly and immediately interested in the result of the suit, were proper parties; and, in not having them as parties, the bill was defective.

The bill united defendants improperly; besides, the subject matters were separate and distinct. For both causes the bill was multifarious. 1 *Story Eq. Jur.*, secs. 661 *and* 671, *et seq.*; *Gartland v. Nunn*, 11 *Ark.*, 720 ; 2·*Howell*, 20 *Ark.*, 25.

McCLURE, J.

It appears that Mary K. Christian and Evans L. Crocker entered into a partnership for keeping house and cultivating a plantation, in the year 1867. As the fruit of their labors they produced and gathered 700 bushels of corn, and 16 bales of cotton, of about 450 pounds each.

On the 24th of December, 1867, the parties seem to have looked over the partnership accounts, and, from that examination, Crocker became satisfied that his interest in the crop would not pay his proportion of the partnership accounts, then due, and turned his entire interest over to Mrs. Christian.

On the 13th of January, 1868, the firm of S. S. Bell & Co., attached the interest of Crocker in the 16 bales of cotton, for the sum of $191$\frac{75}{100}$ that said Crocker was indebted to said Bell & Co.

Mrs. Christian, thereupon, filed her bill, setting forth the partnership between herself and Crocker, with a full exhibit of all the assets and liabilities. In this bill she makes Crocker and Bell & Co. parties defendant, and asks that a final settlement may be made of their partnership transactions.

In stating the indebtedness of the partnership, the plaintiff incidentally alleges that the laborers are to have for their labor one-third of the proceeds of the products produced.

It does not appear that Crocker was served with process; but, at the February term, 1868, of the Ashley circuit court, Rolfe & Bell, who composed the firm of S. S. Bell & Co., filed their demurrer to the bill of Mrs. Christian, on the following grounds:

First. That it appears by said bill that E. L. Crocker, who is made a party defendant, has no interest whatever in the subject matter or object of this suit.

Second. That the laborers employed by said complainant, and said E. L. Crocker, and referred to in said bill of complaint, have an interest in this suit, and are entitled to be made parties.

Third. Said bill is multifarious.

At the September term, 1868, the court sustained the demurrer, plaintiff took her exceptions, declined to amend her bill, and thereupon the court dismissed her bill, and she prayed an appeal to this court, which was granted.

We understand the law to be, if the misjoinder is of parties as *plaintiffs*, that all the defendants may demur; but, if the misjoinder is of parties *defendant*, those only can demur *who*

*are improperly joined. Story Eq. Pl.*, sec. 544. Bell & Co. do not complain that they are improperly made defendants, but insist that *Crocker is.* The objection of misjoinder of parties, as defendants in a bill, *is a mere personal* privilege ; and, consequently, those only can demur for that cause, who are improperly joined. *Gartland v. Nunn,* 11 *Ark.,* 721.

The next objection is, that the laborers have an interest, and that they have not been made parties. The laborers were not members of the copartnership. The statement or fact that they were to have one-third the proceeds of the crop for their labor, was a mere arrangement between the partnership and the laborers, whereby a compensation might be determined; a mere share in the nature of wages, unliquidated at the time, but capable of being reduced to a certainty on the sale of the crop. It will hardly be contended that these laborers had a right to contract any indebtedness against the firm of Christian & Crocker. If A lets B have his plantation, team, and farming implements, and B agrees to cultivate the same for one-third the products, this does not constitute a partnership, it simply establishes a rule whereby the labor of B is to be compensated ; a rule by which the tenant may be paid.

It is said the bill is multifarious. We are unable to see wherein independent and distinct matters have been joined. The plaintiff asks for a settlement of the partnership, and an application of the assets to the extinguishment of the liabilities, and that, if there be a balance due to Crocker, it may be applied on the debt due from Crocker to Bell & Co. ·

The judgment is reversed, and this cause remanded to the Ashley circuit court.

JUDGE HARRISON being disqualified, did not sit in this case.

Hon. JOHN WHYTOCK, Special Supreme Judge.