## Case No. 4,320.

EINSTEIN et al. v. GOURDIN et al.

[4 Woods, 415.] [1]

Circuit Court, S. D. Georgia. Nov. Term, 1877.

[1] [Reported by Hon. William B. Woods, Circuit Justice, and here reprinted by permission.]

S. Yates Levy and R. E. Lester, for plaintiffs in error.

Geo. A. Mercer, for defendants in error.

WOODS, Circuit Judge. 1. The charge given by the court, and complained of as erroneous, was correct. The contract between Smith and Ketchum & Hartridge was plainly intended to make Smith the agent, and not the partner, of Ketchum & Hartridge. As between the parties to the instrument, this was undoubtedly its effect. There was no such community of profits as would make the parties to the contract partners. Story, Partn. §§ 23, 32, 33, 35, 36; Code Ga. § 1890; Sankey v. Columbus Iron Works, 44 Ga. 228; Bradley v. White, 10 Metc. (Mass.) 303; Berthold v. Goldsmith, 24 How. [65 U. S.] 536; 3 Kent, Comm. marg. p. 33.

2. The first charge refused was properly refused. The only evidence to show on what terms Smith carried on the business for Ketchum & Hartridge is found in the contract between these parties, and there was no evidence to show that Smith had received any compensation whatever from Ketchum & Hartridge except according to the terms of the contract. The charge requested was therefore not applicable to any evidence in the case. It was purely abstract, and its only tendency could be to mislead the jury, and it was therefore properly refused. Schuylkill & Dauphin Imp. & R. Co. v. Munson, 14 Wall. [81 U. S.] 442.

3. There was no evidence in the cause to which the second charge requested was applicable. There is nothing in the record to show that there was a word of proof tending to establish a partnership between Ketchum & Hartridge and Smith in Florida. The contract which was put in evidence clearly showed that as between the parties themselves, and as to third persons, there was no partnership. Was there any act or declaration of either Ketchum & Hartridge or Smith by which they held themselves out to the plaintiffs in error or the public as partners? There is none such disclosed by the record. If Smith, without disclosing his principals, had gone to the plaintiffs in error and purchased of them a stock of goods, he might have made himself liable as principal, but this would not have made him a partner of his principals. A partnership, as to third persons, can only arise either by contract between the partners themselves, by implication of law arising from a contract which does not make them partners as to each other, but does make them partners as to third persons, or by some act or declaration of the partners by which third persons are reasonably led to suppose that the partnership exists. There was no evidence in the record tending to show by either of these methods a partnership between Ketchum & Hartridge and Smith, either in Florida or anywhere else. The second charge requested was therefore not applicable to any testimony in the case, and was properly declined. There is no error in the record. The judgment of the district court is therefore affirmed.