## HAYCOCK *v.* WILLIAMS.

Decided April 11, 1891.

*Partnership liability—When incurred.*

> To establish a liability against a party as a partner for the acts of others, it
> must appear that a partnership was formed by express agreement, or that
> the party sought to be charged has been guilty of some act by which he
> is estopped from proving that he is not in fact a partner. No partnership
> is created by an agreement whereby one party is to furnish the labor
> and another the capital necessary to make a kiln of bricks, and the latter
> to have control of the bricks until enough are sold to repay advances
> made by him to the former, when the remainder is to be equally divided.

APPEAL from *Jefferson* Circuit Court.

JOHN M. ELLIOTT, Judge.

Williams & Bowie sued the Bryants and Buchanan and procured an attachment to be levied upon a brick-kiln. Haycock interpleaded for the brick.

Haycock testified as follows :

"About the 9th day of March, 1889, the defendants in this action came to me and asked me to furnish them money with which to make brick on a yard east of Mr. Hilliard's in the city of Pine Bluff. I asked them what it would take, and they said they would need some money, some wheelbarrows, shovels and a pair of mules. I then entered into a contract with them, which was read to the jury, and is in words and figures as follows :

"'Agreement made between George Haycock and P. S. Bryant, J. M. Bryant and Ben Buchanan, for the purpose of making and burning brick on brick-yard east of Hilliard's, in the city of Pine Buff. The three persons, J. M. Bryant, P. S. Bryant and Ben Buchanan, are to make and burn the brick, say 125,000; the parties to put in all their time ; and also for other help to be hired to the amount of $120, also 3000 feet of lumber, six wheelbarrows and three shovels George Haycock is to furnish the amount of $60 in cash of the $120, to furnish the 3000 feet of lumber, the wheelbarrows and the shovels, the use of two mules and feed for the

same, also furnish the wood at $1 per cord, the hauling to be done by the three, P. S. Bryant, J. M. Bryant and Ben Buchanan. When the brick is sold (George Haycock to have the sale of same), the amount of cost of lumber, wheelbarrows, shovels and wood and the amount paid out by him is to be taken out of the first sale of brick, and then the parties, named P. S. Bryant, J. M. Bryant and Ben Buchanan, are to have half of the kiln of brick and George Haycock to have the other half. It is understood that there will be due them $25, so as to equalize for the labor. The balance due of $120 to be paid as soon as the brick is sold.'

" When the contract was made, I then furnished such material as it called for, and paid the hands the money, which I had agreed to pay, as it was earned. When the kiln was about two-thirds completed, plaintiff Williams came to me and asked if I was furnishing the Bryants and Buchanan. I told him I was. He said he had a mortgage upon the brick to the extent of sixty thousand brick, but he was satisfied he could acquire no rights under the mortgage, and that he had advanced only about sixty or seventy-five dollars, and that part of that sum was for a wagon, and that he would advance nothing further. I told him that I would advise him to regain possession of his wagon. He then asked me to let him know when I settled with the defendants, so that he could be present and endeavor to collect what they owed him. I promised to do this and to aid him in anyway I could in the collection of his indebtedness. I never had any further conversation with the plaintiffs until after the bricks were made, and I did not know that they continued to furnish defendants. * * * I furnished the defendants $386 under my contract. This sum was partly in money and partly in supplies for the yard. I did not agree to supply the defendants with provisions while they were making brick. The kiln of brick was sold by me for $500."

Mancil Williams, one of the plaintiffs, testified that the defendants came to him and asked him to furnish them money and provisions, to be secured by a mortgage upon

brick. The mortgage conveyed their half interest in the kiln of brick. He advanced them money and provisions amounting to about $350. He did not know whether the provisions were used by the yard hands or by the families of defendants. The account on their books was charged to the Bryants and Buchanan.

The court instructed the jury against the objections of the interpleader:

1. If the jury believe from the evidence that the interpleader, Haycock, and the defendants, Buchanan and the Bryants, entered into an agreement whereby they were to engage in the business of manufacturing brick for sale or otherwise, and that the business should be carried on by them with money or supplies to be furnished by Haycock, that Buchanan and the Bryants were to contribute their time and labor to the business, and that the parties should share in the profits thereof; and further find that the parties did engage in this business under such agreement, then they were partners so far as third parties were concerned.

2. The jury are instructed that the best evidence and usual test of a partnership is the sharing between the alleged partners in the profits and losses of the business; and if they believe from the evidence that there was an agreement between Haycock and Buchanan and the Bryants to share in the profits and losses of the brick kiln in question, then this would be evidence tending to show that a partnership did in fact exist between them.

The attachment was sustained and the interplea dismissed. Interpleader has appealed.

*Met L. Jones* for appellant.

Participation in the profits of a business is not the true test of a partnership. The test now is, whether the business has been carried on in behalf of the person sought to be charged as a partner; *i. e.,* did he stand in the relation of principal toward the ostensible traders by whom the liabilities were incurred and under whose management the

profits have been made. 44 Ark., 423. It does not necessarily follow that one who is interested in, and is to receive a portion of, the profits is a partner, either as between the parties, or as to third parties. 12 Conn., 69; 30 Me., 384; 51 N. Y. (6 Sick.), 231; 51 Mo., 17; 54 Mo., 325; 3 Jones & Sp. (N. Y.), 405. A partnership can only exist where there is a voluntary agreement made for that purpose, and there can be no such partnership against the intention of the parties to the contract. A partnership can only exist when such is the actual intention. 7 Ala., 761; 5 Peters (U. S.), 529; 20 N. H., 90; 17 Mass., 107. There is no question as to estoppel, as there is no proof that Haycock held himself out as a partner, or induced any one by his acts to believe that he was. 12 Oh. St., 175; 41 Penn. St., 30; 21 Iowa, 518; 10 B. & C., 140; 29 Ga., 285; 20 La. An., 568; 51 Me., 51; 3 Camp., 310; 60 Ill., 42; 14 Am. Rep., 25.

*M. A. Austin* for appellees.

An agreement could not well be drawn that would more clearly constitute a partnership. Sharing in the profits *as profits* does constitute a partnership. 38 N. H., 287; 75 Am. Dec., 182. As to third parties, all who participate in the profits *as profits* are liable as partners. 15 Me., 292; 33 Am. Dec., 614; 2 Greene (Ia.), 427; 52 Am. Dec., 526; 4 G. Greene, 23; 33 Ia., 404; 7 *id.*, 446; 13 Gray (Mass.) 468; 2 Stock. Chy. (N. J.), 469; 97 Mass., 97. The rule cited by appellant, that "A partnership can only exist where there is a voluntary agreement made for that purpose, and there can be no such partnership against the intention of the parties to the contract," may be true as to a partnership *inter se*, but is not the law as to third parties. 22 How. (U. S.), 330; 61 Miss., 354; 58 Ala., 230; 4 Md., 59; 31 Wis., 592; 58 N. Y., 272; 37 Conn., 250; 114 Mass., 114; 1 Cliff. (U. S.), 287; 29 Oh. St., 429; 16 Hun (N. Y.), 526; 3 S. W. Rep., 858; Lindley on Part., book 1, ch. 1, sec. 1, subd. 1, 2, 3. As to liability of dormant partners, see Add. on Cont.. secs. 105–6; Lindley on Part., 16. The

definition of a partnership is enough to fix the liability of Haycock in this case. Parsons on Cont., 132, 150.

<div style="float:left; width: 12%;">

When a partnership liability arises.

</div>

COCKRILL, C. J. The terms of the contract between Haycock of the one part and the Bryants and Buchanan of the other, and the relation of the parties, do not render it probable that they intended to assume the responsibilities and obligations of a partnership. That is not commonly the relation assumed between manual labor and capital—the latter, it appears, being what Haycock was to furnish, while the other parties were to contribute labor.

The usual elements of a co-partnership are lacking. There is no community of interest under the contract in the property employed in the enterprise. The Bryants and Buchanan were to furnish the implements used in making brick, but, being unable to do so, Haycock advanced the money to enable them. Haycock furnished the mules. None of this property became the joint property of the concern, but the title remained separately in the party furnishing it. Again there was no provision for a community of interest in profits as such, for there is a specific contract for a tenancy in common only of the 'product of the labor employed.

While the terms are somewhat obscure, the contract may be best likened to the very usual one in this State of landlord and cropper on shares, in which the latter receives a part of the product of his labor as wages. See *Tinsley* v. *Craige, ante,* p. 346. Such contracts are not construed to constitute a partnership unless the terms used clearly import the intention to do so, because it is the common experience that the parties do not usually intend to enter into that relation.

We conclude that the contract does not import a partnership. But if there is no partnership in fact, Haycock's interest in the attached property is not subject to be seized for a debt contracted by the Bryants and Buchanan. To establish a liability against a party as a partner for the acts

·of others, it must be made to appear that a partnership was formed· by express agreement, or that the party sought to be charged has been guilty of some act by which he is ·estopped from proving that he is not a partner in fact. 1 Lindley on Part., 40, n. 1. No evidence tending to show such conduct on the part of Haycock is found in the record.

The only interest in the property that is shown to be subject to the appellee's attachment was one-half of what remained after Haycock was paid for his advances, according ·to the adjustment provided by the contract.

Reverse the judgment and remand the cause for further proceedings.