CAZORT *v.* BAHNER.

Opinion delivered September 24, 1928.

*J. C. & Wm. J. Clark, Frauenthal & Johnson* and *Coulter & Coulter,* for appellant.

*R. W. Robins,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in holding him not entitled to recover an interest in the profits derived from the sale of the leases taken in the name of appellee during his employment. Appellant knew, when the contract of employment was executed, the kind of business Bahner was engaged in and that he had been taking oil and gas leases in 1915 and 1916 in Faulkner County, and is now claiming an interest in leases on 3,000 acres of land taken by Bahner in 1916, before his employment.

The terms of the written contract, the only one made between the parties, are plain and unambiguous. It recites the business engaged in and being operated by Bahner, and that Cazort "has agreed and engaged to work for Bahner for the term beginning on the day of its execution (January 18, 1917) and ending on December 31, 1917, doing such work as is incident to the business of said Bahner & Company, and the com-

pensation of the said W. S. Cazort shall be forty-five per cent. of the net cash commissions of the said Bahner & Company,'' after deducting certain commissions and expenses for the operation of the abstract business and the loan and insurance agency, and ''all the salaries of other employees of Bahner & Company, and after all other expenses of said business of Bahner & Company have been paid.'' It further provides that the contract may be terminated by either party upon giving 30 days' written notice, and, in the event of its termination, that the compensation paid Cazort ''for the time he worked shall be forty-five per cent. of the net cash earnings of the above described business of Bahner & Company for the time the said W. S. Cazort has worked, first deducting the expenses as above set forth.'' In other words, the contract fixes the amount of compensation to be paid to Cazort specifically, the method for arriving at it, and provides upon its termination that he shall be paid the fixed per cent. of the net cash earnings of the business for the time he worked. It is certainly, as between the parties, no more than a contract of employment, providing for appellant's compensation or salary a certain fixed amount of the net profits of the business during the time of his employment, and did not create a partnership between them. He was, notwithstanding he participated in the profits by being paid his compensation therefrom, but an agent or employee of the appellee in the performance of the services for which he was employed. *Hazard* v. *Hazard,* 1 Story, 371; 22 A. & E. Enc. Law (2 ed.) p. 32; *Haycock* v. *Williams,* 54 Ark. 384, 16 S. W. 3; *Christian* v. *Crocker,* 25 Ark. 327; *Clark* v. *Emery,* 58 W. Va. 637, 52 S. E. 770, 5 L. R. A. (N. S.) 503.

It is not contended that appellant advanced any money for the procuring of the leases, nor that he was not paid in accordance with the terms of the contract all the compensation out of the profits of the business realized during the time of his employment and before he terminated the contract, as he had the right to do.

Neither is it contended that the leases were sold or disposed of before he terminated his contract of employment, and the undisputed testimony shows, in fact, that any money realized from the disposition of the leases long after he terminated his contract was made or realized without any service whatever rendered by him in connection therewith. No profit was derived from the disposition or assignment of the leases which appellant helped to procure during the time of his employment, the disposition thereof having been made long after the termination of his contract. Certainly he could be entitled to no compensation or division of any profits for the disposition of the Howard-Johnson leases, which he did not help to procure and which were not disposed of until long after his employment had been terminated. The testimony shows that he received as his compensation the stipulated percentage of the profits derived from the business during the time of his employment, including commissions on the sales of real estate, regardless of whether the lands were listed for sale before he was employed.

It follows that the court did not err in holding the plaintiff, appellant, not entitled to any interest in the money or profits derived from the sale of the leases made after appellant's contract of employment was ended. The decree is accordingly affirmed.