*683 OPINION.
Lansdon :
Having previously decided issues one, two and three of this proceeding as originally filed, and the motion for vacation and rehearing applying only to issue four, tax liability as to the first three issues will be recomputed in conformity with our report promulgated on January 21, 1930.
The petitioner contends that the retail store was a mere branch or department of its operations and that its own tax liability can be determined only by combining the accounts of the main store with the alleged outlet establishment. Apparently the respondent relies on the presumption that by their acts and representations to the public the three Goudie Brothers became partners by operation of law, and that the partnership so created operated the store at 804-806 Walnut Street. This position is not well supported by the established rules of partnership law.
A partnership between or among two or more individuals is a contractual relation, thus defined by Justice Story:
A voluntary contract between two or more competent persons to place tbeir money, effects, labo* and skill or some or all of them in lawful commerce or *684 business with the understanding that there shall he a communion of the profits thereof between them.
Chancellor Kent sets out an almost identical definition, but adds that the contract should provide for sharing losses as well as profits. Every definition of a partnership and all decisions in respect thereof are predicated upon these principles and based upon an implied or expressed agreement of the parties.
It is now generally held that a partnership can not be formed solely by operation of law. Alger Melton, 7 B. T. A. 717. In Citizens National Bank of Chickasaw, 24 Okla. 408; 103 Pac. 720, the Supreme Court of Oklahoma said:
A partnership exists as a result of a voluntary contract between the parties, and never solely by operation of law. Causler v. Wharton, 62 Ala. 358; Cowles v. Garrett, 30 Ala. 341; Haycock v. Williams, 54 Ark. 384, 16 S. W. 3; Einstein v. Gourdin, 4 Woods, 415, 8 Fed. Cas. No. 4, 320; 22 Am. & Eng. Ency. of Law (2d Ed) p. 14, foot note 3. It is a relation arising out of a contract to do certain things, and exists 'only where the parties intend to enter into a contract of partnership, and, unless they have estopped themselves by holding themselves out to the world as partners, their intention as derived from the contract is decisive of the question.
To the same effect is the opinion of the Board in Roe Stephens Manufacturing Co., 12 B. T. A. 1254, in which we say:
Viewing the facts in the record in their most favorable light, we are of the opinion that they fall far short of establishing the existence of a partnership during the taxable years. * * It is one of the chief characteristics of the partnership relation that it is created only 6y the voluntary contract of the parties, and that as between the parties it does not arise in any case by operation of law. Persons can not become partners except by agreement, expressed or implied. Unable, as we are, to find that there was an express agreement, and that facts of record not evidencing an implied agreement, we can not find error in the respondent’s action in taxing the petitioner as a corporation during the taxable years in question. [Italics supplied.]
The evidence is clear that in 1920, prior to the taxable years, this petitioner represented that the retail store in question was a partnership. Its operations were accounted for in part, at least, in a separate set of books. The earnings for the first short fiscal period were reported to the respondent on a partnership return and the small profits were distributed on the books to the several alleged partners. An insurance policy was written for the store as a partnership, and a suit to recover losses from underwriters was instituted and won upon pleadings and proceedings in which it was so designated. These facts, all admitted by the petitioner, are the basis of the respondent’s determination that the retail store was not operated by the petitioner. In general, a partner must contribute capital or services, one or both, to the partnership business and agree to share in losses as well as profits, Meehan v. Valentine, 145 U. S. 711; Ward v. Thompson, 22 *685 How. 330; Evans v. Warner, 47 N. Y. S. 16. The record is clear that neither of the Goudies ever contributed a dollar of capital to the retail store, nor, except as a stockholder of the petitioner, shared in any of the losses.
All of the merchandise offered for sale at 804-806 Walnut Street was either purchased by the petitioner or transferred directly from its own warehouses. There is no record of any accounting, payment or transfer that vested title in all or any one of the Goudie brothers to the merchandise sold through the retail store, which, in our opinion, was, at all times, the property of the petitioner. Goods were freely and often transferred and retransferred from one place of business to another. Such tranfers had no more effect on title than results from moving merchandise from one shelf to another in the same building. There is no evidence that the petitioner ever divested itself either of title to the merchandise sold through Goudie Brothers or of its rights to receive the profit from such sales. Upon this record we conclude that the retail store was operated by the petitioner, which leased the business premises, paid the rent therefor, furnished all the operating capital, supplied the stock in trade, and paid all the expenses and absorbed all the losses. It is clear that any income derived from profits so realized would be taxable to the petitioner and we think any losses resulting from such transactions are its losses. See George M. Cohan, 11 B. T. A. 743. In our opinion the retail store was a mere branch of the petitioner’s business operation.
The respondent put the petitioner’s articles of incorporation in evidence and, on the basis of the paragraph thereof set out above, argues that the operation of a retail store was ultra vires. Careful study of the cited section of the articles of incorporation fails to support this view. In our opinion the purposes therein enumerated are sufficiently broad to include the operation of a retail store.
In the light of all the evidence and of the law as interpreted by the courts and this Board, we are of the opinion that the true tax liability of the petitioner for the years under review can be determined only on the basis of the consolidated accounts of the main and branch stores which it operated. The gains or losses of the business at 804-806 Walnut Street were the gains or losses of this petitioner. It follows, therefore, that the respondent erroneously added the amounts of $68,310.38, $43,638.17 and $10,088.08 to the petitioner’s income for the respective taxable years. Our opinion on this issue promulgated January 21,1930, is reversed.

Decision will loe entered under Bule 50.