Morrow *v*. McCaa Chevrolet Co.

5-2026                                    330 S. W. 2d 722

Opinion delivered January 11, 1960.

*J. H. Spears,* for appellant.

*Nance & Nance; W. S. Hollis,* for appellee.

J. Seaborn Holt, Associate Justice.    Appellant, R. H. Morrow, brought the present action against appellee, McCaa Chevrolet Company, to dissolve an alleged partnership with appellee and for an accounting. He alleged in his complaint that about ''The first of July 1957 he entered into a partnership agreement with the defendant for the sale of used automobiles and trucks;

* .*. * : that by the terms of the partnership, the defendant was to furnish the location for the operation of said used car lot and the capital; that the plaintiff was to devote his entire time to the operation of said business, and each was to share equally in the profits. * * * during the first part of November 1957 J. C. McCaa, Sr., President and principal stockholder of the defendant corporation, arbitrarily and without cause terminated the partnership and closed the business. * * * that the defendant has failed and refused to account to the plaintiff for his part of the profits and assets of said partnership; * * * and that an accounting be made'' and prayed that a master be appointed for this purpose.

Appellee answered denying that any partnership existed between it and Morrow but alleged that about the 1st of July 1957, appellee employed ''R. H. Morrow, and agreed to pay him as wages, 50 per cent of the operating profit of the used car department of the McCaa Chevrolet Company.'' Thereafter appellee filed an ''Amended Answer And Counterclaim Of The Appellee'' and appellant filed an ''Answer To Amended Answer And Counterclaim''. On a trial the court found upon the conclusions of appellant's testimony and proof ''That no partnership existed between the plaintiff and cross-defendant, R H. Morrow, and the defendant and cross-complainant, McCaa Chevrolet Company, and that the complaint of the plaintiff be and the same is hereby dismissed and the defendant and cross-complainant, having admitted in open court that an employer and employee relationship existed between the parties, the court finds that an account should be stated between the parties on account of such relationship, and that a master should be appointed to state the account between the parties.'' The court then proceeded to appoint a master. From this decree comes this appeal.

For reversal appellant relies upon the following points: (1) The evidence introduced was sufficient to establish a partnership, and the court erred in not so finding. (2) The court erred in dismissing appellant's

complaint on its own motion prior to conclusion of all the evidence and in refusing to hear testimony of additional witnesses. (3) The court erred in failing to grant plaintiff's motion to inspect and examine the books and records of the appellee. (4) The court erred in dismissing appellant's complaint. (5) The court erred in dismissing appellant's amended answer and complaint.

After a careful review of the evidence, we have concluded that the decree should be affirmed.

### Points (1) (2) and (4)

(We consider these together). We think appellant's evidence conclusively shows that there was no partnership agreement entered into between him and appellee. He testified: ''Question. Otherwise, you had your own time in there and you were working for just half of the net profits of the operation here? Answer. I considered it that way. Just like I told you in the depositions, I considered myself like a sharecropper. Question. You just considered yourself as a sharecropper and not as a partner? Answer. That's right. Question. Then the agreement that you entered into was that you would work there and operate it for fifty per cent of the net profits? Answer. That I would operate the lot for half of the profits. Question. That was the agreement that you entered into? Answer. Yes, sir. Question. Was there any time a statement made about a partnership or was it just fifty per cent of the net profits? Answer. I don't understand the question — I would agree it's a partnership, it's got to be because I am working for half. Question. It's got to be a partnership if you are working for half? Answer. Yes, sir. Question. There was no particular mention made of the partnership was there? Answer. I wouldn't say there was or wasn't.''

It appears that Morrow never claimed to be a co-owner of the business but that he only was to receive 50 percent of the profits for his services. In answer to a question concerning the operation of the business, he

testified: "A. That I would run  *  *  *  it would be McCaa Used Cars and Mr. J. C. Jr., would be sole owner of the property and I would run it for half the profit . . ." We have many times held that the sharing of profits alone does not make one a partner. In *Wilson v. Todhunter*, 137 Ark. 80, 207 S. W. 221, this court said: "Mere participation in the profits and losses of a business alone, would not make the participant a partner. Whether, in fact, a partnership exists, depends upon the intention of the parties, to be discovered from the contract into which they enter, construed in the light of all the facts and circumstances that obtain." In *Haycock* v. *Williams,* 54 Ark. 384, 16 S. W. 3, this court held that a sharecropper was not a partner. The record reflects that the trial court dismissed appellant's complaint insofar as his claim of partnership was concerned after appellant's counsel had stated to the court that appellant had no further evidence to present except corroborative testimony of two other witnesses. We find no error here. The record reflects the following: "The Court: Now, Mr. Spears, in your further witnesses I would like to know whether you are going to introduce some new evidence bearing on the formation of a partnership or is it going to be purely the nature of corroborating what Mr. Morrow says? Mr. Spears: It would be more or less the nature of corroborating his testimony. I have no new evidence. The Court: There will be nothing new that Mr. Morrow has not already testified to himself? Mr. Spears: That's right."

On this partnership issue, what we said in *Kent* v. *State,* 143 Ark. 439, 220 S. W. 814, is relevant here. We there said: "*  *  *  if the contract was that Jones should furnish the capital and pay all the expenses and appellant was employed to work for Jones with the understanding that he was to receive as compensation for his services one-half the net profits, having no community interest, then appellant would be an employee for hire and not a partner. *Rector* v. *Robins,* 74 Ark. 437, 86 S. W. 667.

"It occurs to us that the undisputed testimony of Jones shows that the relationship between him and appellant with reference to the business and the funds derived therefrom was not that of partnership, but that appellant was an employee of Jones and was to receive compensation for his services out of the net profits of the business, provided there were any net profits. The court might have so told the jury as a matter of law. Such being the case, the court did not err to the prejudice of appellant in submitting to the jury the issue as to whether there was a partnership."

### (3)

The court did not err in denying appellant's request to inspect and examine the books and records of appellee for the reason that before appellant would be entitled to such inspection, he must first show that a partnership existed. Since we are holding that appellant has failed to establish a partnership relationship, he was not entitled to inspect the books, Uniform Partnership Act (Sections 65-101—65-143).

### (5)

Appellant says that the court erred in dismissing his answer to appellee's Amended Answer And Cross-Complaint. We do not agree. The record reflects, as indicated above, that Morrow filed his complaint seeking dissolution of an alleged partnership between him and appellee company, and for an accounting. Appellee first filed an Answer and later an Amended Answer, along with a Counterclaim. Appellant then filed a Reply to appellee's Counterclaim, in effect stating a new cause of action against appellee in which he prayed for $25,000.00 in damages for the wrongful dissolution of the alleged partnership. The appellee then filed its' Motion To Strike from appellant's Reply that part seeking damages. The court granted this Motion of Appellees and we think, correctly so. Sec. 27-1132 Ark. Stats., provides, in effect, that a reply shall set out allegations constituting a defense to a counter-claim or

set-off filed by the defendant in his answer. This section provides: "Contents Of Reply. — When the answer contains new matter constituting a counterclaim or set-off, the plaintiff may reply to such new matter, denying each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief, and may allege, in concise language, any new matter not inconsistent with the complaint, constituting a defense to the counterclaim or set-off." Morrow's claim for damages was not permitted by the above section and was properly stricken by the court. Appellant's contention that this pleading should be construed as an amendment to his original complaint and permitted, cannot be sustained for the reason that the duty rested on him first to obtain the permission of the trial court to file such an amendment. Sec. 27-1158, Ark. Stats. 1947 Anno., provides: "Amendment Of Complaint—Time.— The Plaintiff may amend his complaint without leave at any time before an answer is filed, and without prejudice to the proceedings already had." Here appellant made no attempt to amend his complaint until after appellee's answer was filed.

Accordingly, the decree is affirmed.