Carl A. Zajac *v.* George Harris

5-4070                                    410 S. W. 2d 593

Opinion delivered January 9, 1967
[Rehearing denied February 13, 1967.]

*Loftin, Herrod & Cole,* for appellant.

*Willis V. Lewis,* for appellee.

George Rose Smith, Justice. The appellee, George Harris, brought this suit to compel the appellant, Carl A. Zajac, to account for the profits and assets of a partnership that assertedly existed between the parties for some two years. Zajac denied that a partnership existed, insisting that Harris was merely an employee in a business owned by Zajac. The chancellor concluded that Harris had met the burden of proving the partnership relationship. The court accordingly referred the case to a master for a statement of the partnership accounts. The essential question here is whether the chancellor's

recognition of the partnership is against the weight of the evidence.

At first blush the testimony appears to be in such hopeless conflict that the controlling issue at the trial must have been one of credibility. Upon reflection, however, we arrive at a somewhat different view of the case. The business association that is known in the law as a partnership is not one that can be defined with precision. To the contrary, a partnership is a contractual relationship that may vary, in form and substance, in an almost infinite variety of ways. The draftsmen of the controlling statute, the Uniform Partnership Act, tacitly acknowledged that fact by stating only in the most general language an assortment of rules that are to be considered in determining whether a partnership exists. Ark. Stat. Ann. § 65-107 (Repl. 1966).

In the case at bar there is the additional consideration that these two laymen went into business together without consulting a lawyer or attempting to put their agreement into writing. It is apparent from the testimony that neither man had any conscious or deliberate intention of entering into a particular legal relationship. When the testimony is viewed in this light the conflicts are not so sharp as they might otherwise appear to be. Our problem is that of determining from the record as a whole whether the association they agreed upon was a partnership or an employer-employee relationship.

Before the two men became business associates Zajac had conducted a combination garage-and-salvage company, filling station, and grocery store in the Marche community in Pulaski county. This dispute relates only to the salvage branch of the enterprise.

In the salvage operation now in controversy the parties bought wrecked automobiles from insurance companies and either rebuilt them for resale or cannibalized them by reusing or reselling the parts. Harris, the plaintiff, testified that he and Zajac agreed to go

into business together, splitting the profits equally—except that Harris was to receive one fourth of the proceeds from any parts sold by him. Harris borrowed $9,-000 from a bank, upon the security of property that he owned, and placed the money in a bank account that he used in buying cars for the firm. The profits were divided from time to time as the cars were resold, so that Harris's capital was used and reused. He identified checks totaling more than $73,000 that he signed in making purchases for the business.

Zajac, by contrast, took the position that Harris was merely an employee working for a commission of one half the profits realized from cars that Harris himself had bought. Zajac denied that he had ever agreed that Harris would spend his own money in buying cars. "I told him, when you go out there, when you bid on a car, make a note that I will pay for it." We have no doubt, however, that Harris *did* use his own money in the venture and that Zajac knew that such expenditures were being made.

Counsel for Zajac put much stress upon their client's controlling voice in the management of the business. Zajac and his wife and their accountant had charge of the books and records. No partnership income tax return was ever filed. Harris was ostensibly treated as an employee, in that federal withholding and Social Security taxes were paid upon his share of the profits. The firm also carried workmen's compensation insurance for Harris's protection. In our opinion, however, any inferences that might ordinarily be drawn from these bookkeeping entries are effectively rebutted by the undisputed fact that Harris, apart from being able to sign his name, was unable to read or write. There is no reason to believe that he appreciated the significance of the accounting practices now relied upon by Zajac. They were unilateral.

We attach much weight to Zajac's candid admissions, elicited by the chancellor's questions, that Zajac

paid Harris one half of the profits derived from cars that Zajac bought with his own money and sold by his own efforts. Zajac has insisted from the outset that Harris was working upon a commission basis, but that view cannot be reconciled with Harris's admitted right to receive his share of the profits derived from business conducted by Zajac alone.

There is no real dispute between the parties about the governing principles of law. The ultimate question is whether the two men intended to become partners, as that term is used in the law. *Brandenburg* v. *Brandenburg*, 234 Ark. 1117, 356 S. W. 2d 625 (1962). Harris's receipt of a share of the net profits is prima facie evidence that he was a partner, unless the money was paid to him as wages. Ark. Stat. Ann. § 65-107. Unlike the fact situation in *Morrow* v. *McCaa Chevrolet Co.*, 231 Ark. 497, 330 S. W. 2d 722 (1960), Harris's position does not rest upon the bare fact that he received a share of the profits. He invested, as we have seen, substantial sums of his own money in the acquisition of cars for the firm. Zajac concedes that Harris was entitled to a share of the profits from transactions that Harris certainly did not handle on a commission basis. When the testimony is reconciled, as we have attempted to do, it does not appear that the chancellor was wrong in deciding that a partnership existed.

Affirmed.

Byrd, J., not participating.