**COURTESY AMERICAN, INC., Appellant,**

v.

**L. J. DAVIS, Appellee.**

**No. 8328.**

Court of Civil Appeals of Texas, Amarillo.

March 26, 1973.

Culton, Morgan, Britain & White, Sam R. Cummings, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Finney, Joseph M. Pritchard, Amarillo, for appellee.

JOY, Justice.

This is a suit on an employment contract. From judgment for plaintiff Davis, the defendant Courtesy American, Inc., has perfected this appeal. Affirmed.

Appellee entered into an employment contract with appellant to serve as vice president and general manager of appellant's automobile business. The portions of the contract relevant to this appeal provide for the compensation to appellee of $750.00 per month as a guaranteed salary with an additional amount equal to 30% of the profit of the business. The contract also provided for termination by the employer upon 30 days notice to the employee, the appellee herein. The only question raised here by appellant is the amount of compensation owed to appellee, as no complaint is made of the single jury finding of the discharge of appellee without notice. No issue was submitted to the jury on the amount of money due and owing to appel-

lee by reason of the contract, and the trial judge determined that appellant was indebted to appellee in the sum of $1,571.08.

In considering the lone issue presented here, we quote the pertinent provisions of the contract:

"The Employee shall receive as compensation for services rendered by him a guarantee of <u>Seven Hundred Fifty</u> Dollars ( <u>$750.00</u> ) per month payable on the fifteenth and last day of each month and every month during the existence of his hiring. In addition to the guarantee stated above, the Employee shall receive as additional monthly compensation the following: 30% of the monthly net profit of the Company, not including owner's salary and unnecessary travel and entertainment.

Examples: 2,000 profit excluding owner salary
x 30%
Pays 750.00 guarantee

4,000 profit excluding owner salary
30%
Pays 1,200

6,000 profit excluding owner salary
x 30%
Pays 1,800.00"

\* \* \* \* \* \* \* \* \* \* \*

"6.

"It is agreed that this contract may be terminated by the Employee on fifteen (15) days notice. The Employer may terminate this agreement for cause within thirty (30) days notice. Such notice shall be given to the Employee at his place of employment and notice to the Employer at its main place of business."

———◆———

The profit of the company for the month of October, 1971, the month following termination of employment without the contractual notice found by the jury, is admitted in appellant's brief as having been stipulated to by the parties as being $5,917.28. The appellee earned for that month in other employment the sum of $204.10, which is also uncontradicted. By applying the 30% to the profit figure of $5,917.28, the trial court arrived at $1,775.18, which was reduced by the amount earned by appellee in other employment, arriving at the judgment figure of $1,571.08. We agree with the trial court. Appellant cites the case of Cazort v. Bahner, 177 Ark. 1046, 9 S.W.2d 305 (1928) for the contention that no percentage of profit was due to appellee. The

Cazort case is distinguishable in that notice of termination was given under the terms of that contract and further, the percentage of commission or profit to be paid in Cazort was limited to the time the employee actually worked. Appellant argues in its brief that the percentage figure should be reduced by the amount paid by appellant to the manager hired to replace appellee. The appellant having stipulated to the profit figure for purposes of the trial, any complaint or objection thereto has been waived and the stipulation is binding here upon appellant. See 53 Tex. Jur.2d Stipulations § 13.

The trial court judgment is affirmed.