## Louis Sterling FRANK *v.* R. A. PICKENS & SON COMPANY et al

78-58                                    572 S.W. 2d 133

Opinion delivered October 2, 1978
(Division I)
[Rehearing denied November 13, 1978.]

*Gill & Johnson,* by: *B. Kenneth Johnson,* for appellant.

*Samuel N. Bird,* of *Williamson, Ball & Bird,* for appellees.

FRANK HOLT, Justice. Appellant brought this action seeking an accounting and liquidation of the partnership affairs of appellee R. A. Pickens and Son Company, a farming partnership which leases and farms some 13,000 acres of land owned by another partnership, R. A. Pickens & Son. The partnership in question has existed in one form or another

since 1925. Appellee R. A. Pickens has managed the firm since 1937. At the close of business on December 31, 1975, there were 22 partners of which R. A. Pickens & Son owned the largest interest, 31%. R. A. Pickens is not a partner in R. A. Pickens & Son Company but is a partner of R. A. Pickens & Son. Appellant employee was brought into the farming partnership on January 1, 1968, initially acquiring a 2% interest and eventually acquiring a total interest of 3%. His initial investment ($21,600) was made by giving his note to the partnership with the understanding that his share of the profits would apply to its payment. He remained an active partner until May 31, 1976, when appellee Pickens, as manager of the partnership, terminated appellant's partnership interest and tendered him a check in the amount of $35,805.97. This sum represented 3% of the partnership capital account of $1,950,000 as of December 31, 1975, or $58,500 plus 10% interest on this amount from January 1, 1976, until May 31, 1976, less a $17,000 note and 5 months interest owed by appellant to the partnership and less $7,-706.53 owed by appellant to the partnership store account. Appellant refused to accept the check. That sum has, to date, been retained by the partnership as part of the partnership capital and carried on the books as a credit due appellant and a partnership liability. Appellant has had no active duties in the partnership affairs since May 31, 1976.

About a month thereafter, appellant filed a petition seeking an accounting of the partnership affairs, alleging that he had been wrongfully excluded. This petition was later amended to seek judicial dissolution and liquidation of the partnership assets. Appellees filed a counter-complaint seeking judicial recognition of the dissolution assertedly effected by appellee R. A. Pickens' notification to appellant on May 31, 1976, of his election to dissolve the partnership, which was a partnership at will. The counter-complaint also alleged the existence of an oral agreement for the purchase and termination of an interest in the partnership. The purchase of an interest in the partnership was based upon book value. Upon termination or dissolution, the value of the outgoing partner's interest was based upon the book value of such an interest as of December 31 of the year preceding such dissolution, plus 10% interest per annum from December 31 of that year to the date of dissolution. As previously indicated, appellees com-

puted the amount due appellant at his partnership termination to be $35,805.97, after reduction of appellant's indebtedness to the partnership.

The trial court found that a partnership existed between the parties; that appellant purchased his 3% interest at book value; that Pickens, as managing partner, had the contractual right to terminate appellant's interest at will; that under the terms of the agreement appellant's contractual interest at termination was 3% of the book value of the partnership, or $58,500 as of December 31, 1975; that termination occurred on May 31, 1976, and the 10% interest on that amount, as alleged in the counter-complaint, was not included within the proved contractual terms relating to the calculation of appellant's partnership interest at termination; that appellant's capital and services were used by the partnership until the date of his termination; and therefore he was entitled to $13,843.48 which was 5/12ths of his 3% interest of the net profit for 1976, plus interest. These amounts were to be reduced by appellant's indebtedness to the partnership on his note and store account which were also ordered to bear interest.

Appellant contends that the court erred in not finding that he was entitled to a full share of the profits of the partnership so long as the partnership retained and used his capital contribution; the court erred in finding that R. A. Pickens had a contractual right to terminate appellant's partnership interest and erred in not ordering a termination and winding up of the partnership affairs. As we understand the thrust of appellant's argument, the Uniform Partnership Act is applicable here and therefore appellant has the right to a forced sale and liquidation of the partnership assets and his proper share of the net proceeds.

We first emphasize:

The business association that is known in the law as a partnership is not one that can be defined with precision. To the contrary, a partnership is a contractual relationship that may vary in form and substance in an almost infinite variety of ways.

*Zajac* v. *Harris*, 241 Ark. 737, 410 S.W. 2d 593 (1967). Further the Uniform Partnership Act provides that the rights and duties of parties are "subject to any agreement between" the partners. Ark. Stat. Ann. § 65-118 (Repl. 1966). The Act also contains a provision that "settling accounts" between partners after a dissolution shall be "subject to any agreement . . . ." § 65-140. The partners here could agree, as the court found, that Pickens had exclusive control over the terms of admission and expulsion of the partners.

Pickens testified that appellant, upon becoming a partner, understood that he purchased his interest at book value. Upon leaving, he would be paid the book value and his status as a partner was dependent upon Pickens' willingness for him to continue in that status. It appears undisputed that at the conclusion of each year Pickens conferred with each partner about their individual equity or earnings in the profit sharing venture.

Numerous past and present partners testified. According to them the understanding was they bought their interest in the partnership at book value. The length of their membership was at the will and pleasure of Pickens, the general manager, and upon leaving the company they would be paid at book value. Although appellant denies the oral agreement asserted by Pickens, he admits he acquired his interest at book value based upon a loan of the purchase funds to him by the company as evidenced by a note. Appellant is a college graduate with a business degree. It appears his duties as an employee with the partnership consisted of general office work and bookkeeping a short time before the acquisition of his interests and during the 8 1/2 years he was a partner. He was familiar with transactions at book value with respect to incoming and outgoing partners. As indicated, upon termination he refused a tender of payment of his interest.

Here the chancellor had the advantage of seeing and hearing the witnesses and at the same time study the exhibits to their testimony. We do not reverse a chancellor's finding unless it is against the preponderance of the evidence. Here the chancellor's finding is clearly supported by the preponderance of the evidence. Therefore, in view of the agreement, the Uniform Partnership Act is not applicable

and consequently appellant cannot force a liquidation and sale of the appellee partnership.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.